## JOSHUA HITCH *vs.* SAMUEL FENBY.

A party omitting to make the defence of usury, at law, may still be relieved in equity.

If a party, at any time after the decree is enrolled and the term passed, has the right to open it, because it is based on a claim affected by usury, he

must do so within nine months after the decree or within the same time after he is informed of the usury.

Where a party at the date of the decree knew of the transactions constituting the alleged usury, and did not file his bill for seven years thereafter, it is too late, and his bill will be dismissed.

APPEAL from the Court of Chancery.

A bill was filed in chancery on the 16th of January 1841, by the appellee, Samuel Fenby, against the appellant, Joshua Hitch, and William Hitch, alleging that the defendants had executed to the complainant two bills of sale of personal property, the one dated the 17th of May 1838, and the other the 18th of November 1840, to secure the payment of a large sum of money due from the grantors; that a portion of the property embraced in the conveyances having been sold, and the proceeds applied to the payment in part of the debt, there remained due at the time a balance of $7580, and the prayer was that the property should be sold for the payment of that balance, with interest and costs. To this bill the defendants, Joshua and William Hitch, filed their answer on oath, signed by them and their counsel, in which they admit the execution of the bills of sale or mortgages set out in the bill, "and that the sum due from them on account of said bills of sale to the complainant is $7580, up to the 6th day of January 1841," and consent to a decree as prayed. A decree was accordingly passed by the chancellor on the 18th of January 1841, for the sale of the property, appointing the complainant, Fenby, a trustee for the purpose, and prescribing the terms of sale. Subsequently, in September 1842, upon petitions filed by the complainant, which were answered and assented to by the defendants, orders were passed by the chancellor altering, to some extent, the terms of sale and the mode in which the property was to be sold.

The bill in the present case was filed on the 1st of January 1848, by Joshua Hitch, one of the defendants in the former case, against Samuel Fenby, the complainant in that case, alleging that the bills of sale and proceedings in chancery were designed by the parties thereto, and in pursuance of a

mutual agreement to that effect, as a security merely to the said Fenby for the repayment of *any balance* that might be found due to him on a settlement to be made of their mutual dealings, and not a *liquidated amount*, and then charges usury, and makes various other objections to the claims of Fenby, and seeks to open and vacate the enrollment of the decree in the former case for the purpose of an account to be taken between the parties.

The answer of the defendant, Fenby, avers, that his bill in the former case for the foreclosure of the bills of sale truly stated the amount then due him to be $7580; that there was no fraud, deceit or surprise practiced in obtaining the decree in that case, but that, on the contrary, it was for money, all of which was justly due him, and was made up of moneys actually before then advanced to the said Joshua and William Hitch by respondent, and of debts they owed, positively assumed by respondent and subsequently paid by him. He also denies the charge of usury, and further insists that this question is not now open, but is closed by the decree in the former case.

The chancellor, (JOHNSON,) dissolved the injunction which he had granted to restrain Fenby from proceeding under the decree of January 1841, and dismissed the bill. From this decree the complainant appealed. The opinion of the chancellor accompanying his decree is reported in 4 *Md. Ch. Dec.*, 190.

Without giving in detail all the various facts and circumstances appearing from the very large record in this case, the above statement sufficiently presents the questions decided by the court.

The cause was argued before LE GRAND, C., J., ECCLESTON and TUCK, J.

*Grafton L. Dulany* and *Thos. S. Alexander* for the appellant, argued:

1st. That the facts proved show that the appellee at various

times, from March 1837 to 1843, advanced large sums of money to the appellant and his brother out of his own funds, at six per cent. interest, with an addition of two and-a-half per cent. under the name of commissions, which at the end of every four months was to be consolidated with the principal, upon which interest was to be calculated, with an addition at each period of every four months of two and-a-half per cent. upon what was to be considered a fresh advance of the whole sum that might thus be found due at the end of said periods respectively, and that this constitutes usury and renders the decree of 1841, which covered up these usurious transactions, utterly null and void. 1 *Ves., Jr.*, 99, *Waring vs. Cunliffe.* 9 *Do.*, 224, *Ex-parte Bevan.* 1 *Camp.*, 157, 165, *Barnes vs. Headly.* 2 *Do.*, 348, *Harris vs. Boston.* 4 *Taunt.*, 810, *Hutchinson vs. Piper.* 61 *Law Lib.*, 238. 13 *Pet.*, 345, *Moncure vs. Dermott.* 9 *Do.*, 418, *Scott vs. Lloyd.* 4 *Term Rep.*, 353, *Morse vs. Wilson.*

2nd. That the facts of the case show that the bills of sale and decree of 1841 were designed only as securities; that this is shown by the continuance of the dealings between the parties after the date of the decree; that that decree therefore was not designed by the parties to secure a liquidated sum, but for an *unascertained balance* that might *thereafter* become due; that all the subsequent transactions were connected with the decree, and therefore the chancellor erred in refusing to allow all above the legal interest charged by the appellee in his account upon such subsequent transactions as credits upon the decree.

3rd. Can we then go behind the decree to show that it was entered up for an unascertained balance? This is the great question in the case. It is said we have not shown error apparent upon the face of the decree, but this defect should have been availed of by demurrer, (*Mitford's Pl.*, 240,) and not having demurred, but answered, the case is open on its merits. In 5 *Johns. Ch. Rep.*, 142, *Fanning vs. Dunham*, a court of chancery did not hesitate to go behind a judgment at law, and strike it out and why should not the court do the

same thing with its own decrees? If this decree is to preclude us it is a mere shift and *evasion of the usury laws*, which cannot be tolerated. It is against *public policy;* the public have an interest in it and against such judgments equity will grant relief, because courts of justice cannot be made parties to the covering up and hiding of illegal practices. 3 *H. & J.*, 568, *West vs. Beanes.* 4 *Barn. & Ald.*, 92, *Roberts vs. Goff. Ch. J. Taney's Opinion, in Lloyd vs. Watson.* This decree remains as yet unexecuted, and was it ever heard of, or is there any case where it has been decided, that when a decree is passed by consent without adversary proceedings as a mere security for an unascertained balance, and this is proved to the satisfaction of the court, that equity will refuse relief to a party coming in and asking that such decree shall not be perverted to a fraudulent purpose? But it is said lapse of time will bar us; but at the date of the decree, and ever since, we have remained in possession of the land and property with Fenby's consent, with the understanding that the decree was as a mere security, and under such circumstances we could have remained quiet for all time. We made the objection as soon as Fenby attempted to enforce the decree.

4th. The bill filed in this case is an *original* bill and is properly brought, and the doctrine in regard to bills of review has no application to it. 2 *Mood. & Malk.*, 104.

But besides, if there was any objection to the form of the bill it should have been made at an earlier date. The act of 1845, ch. 352, has no application to this case, and if it had it is repealed by the constitution of the State, which must govern in this cause, even though passed since the decree below. 7 *Cranch*, 632, *Fairfax vs. Hunter*.

*Thomas G. Pratt* for the appellee, argued:

1st. That after the enrollment of a decree, (that is after the expiration of the term at which it was signed by the chancellor and delivered to the register,) a bill of review is the only proceeding which can be instituted to vacate or annul it; and that after a decree has been enrolled for seven years, (as

in this case,) a bill of review will not lie to disturb it. *Alex. Ch. Pr.*, 177, 178. There is no charge of fraud, but the bill simply seeks to set aside a decree passed in the same court upon the ground of usury, and that it was for unliquidated damages; this can only be done by bill of review. 1 *G. & J.*, 424, 426, *Burch vs. Scott.* 7 *Do.*, 207, *Berrett vs. Oliver. Story's Eq. Pl.*, secs. 410 to 414. 1 *Md. Rep.*, 147, *Marbury vs. Stonestreet.*

2nd. The bill does not charge fraud or mistake in the obtention of the decree, but the sole grounds of equity consist of alleged facts existing prior to the decree and known to the complainant before the decree was passed. It is insisted that a bill of review to set aside a decree will only lie for some error *apparent* upon the face of the decree, or for the *subsequent* discovery of *pre-existing* facts, which would show that the decree was erroneous. 2 *H. & J.*, 230, *Hollingsworth vs. McDonald.* 1 *Md. Rep.*, 377, *Young vs. Frost.* That the facts of the case show that the complainant knew of all the equities he now sets up long prior to the filing of his bill and prior to the decree sought to be vacated; that that decree was for a liquidated sum *admitted by the complainant* to be due; and besides this, and waiving all technical objections, the proof shows that there was no usury in the transactions.

3rd. The act of 1845, ch. 352, requires the party to plead usury, and set out the amount actually due and proffer himself ready to pay it. The case of *Baugher vs. Nelson*, 9 *Gill*, 299, decides that this act is retrospective and therefore it applies to this case. The complainant has not complied with the act in any of its particulars.

LE GRAND, C. J., delivered the opinion of this court.

A very careful examination of the record in this case, has satisfied us of the justice and propriety of the chancellor's action in the premises, and, with but one exception, we concur in all the observations and reasoning by which he sustains it. The remark to which we allude is, that a party omitting to make the defence of usury at law would not be

relieved in equity. The contrary has been decided in the case of *West vs. Beanes & another*, 3 *Har. & Johns.*, 568. We refer to it to prevent misapprehension hereafter.

If at any time after the decree was enrolled and the term had passed, the complainant had a right to open the decree because of its being based upon a claim affected by usury, we think he could only have done so within nine months after the decree, or within the same time subsequent to his being informed of the usury.

From the facts disclosed, it is manifest, that before and at the date of the decree, he knew of the transactions constituting the alleged usury, and his bill not having been filed for some seven years thereafter it is too late. The cases of *Berrett vs. Oliver*, 7 *Gill & Johns.*, 207, and *Oliver vs. Palmer & Hamilton*, 11 *Gill & Johns.*, 146, are sufficient authority for this view. See also *Alexander's Chancery Practice*, 182.

In addition to this we may remark, that there is nothing entitling the complainant to the account which he claims. Taking the debt to be what was ascertained by the decree, (which cannot be disturbed,) the defendant has not shown credits which would probably reduce the debt below the amount now admitted by Fenby to be due. If Fenby's account filed with his answer was rejected, the complainant on his own proof would owe more than the defendant now claims on the decree.

*Decree affirmed.*