## John H. M. Smith's Executors, vs. William P. Anderson and others.

An original judgment is not merged or destroyed by a judgment of *supersedeas:* the plaintiff may pursue his remedy at his option, either on the original or *supersedeas* judgment, the only restraint being, that he shall have but one satisfaction for the same debt.

Where a judgment against three, one being principal and the other sureties, is superseded by the original defendants, with *two others* as sureties, *all* the original defendants are *principals* as to the sureties in the *supersedeas* judgment.

The sureties of the original debtor are not *co-securities* with the new parties in the *supersedeas* judgment, in the sense in which the term, co-surety, is used in the law with reference to the right of *contribution.*

The right of contribution, as between sureties, arises out of the principles of equity and justice, which grow out of the relations of the parties to each other.

Where a party admits his liability to contribution, and offers to pay his share into court, and thus exempt himself from further interest and costs, he should be allowed to do so: such a proceeding is consistent with justice, and sanctioned by the practice of courts of equity.

Where an order of a court of equity is passed in a cause for contribution, in *term time*, allowing one of the defendants to bring into court his share, the complainant is chargeable with *notice* of such order.

Appeal from the Equity side of the Circuit Court for Frederick County.

William P. Anderson, as principal, and Absalom Anderson and John H. M. Smith, as his sureties, executed a bond to John H. Anderson, who, in November 1851, obtained judgment against William and Absalom, as surviving obligors of Smith, for the amount of the bond. This judgment was, in due form of law superseded, February 26th, 1852, by the defendants therein, and Jesse Wright and Henry Clary. The obligee, John H. Anderson, also recovered, February 24th, 1853, a judgment, on the same bond, against the executors of Smith, and a *fi. fa.* being issued on this judgment, the executors paid $641.70, *the full amount* thereof, to the plaintiff's *attorney*, who, on the 4th of January 1853, executed an assignment to them of the *supersedeas judgment* above men-

tioned. These executors then, on the 16th of May 1854, filed their bill in this case, against the plaintiff, and all other parties to these judgments, praying that the *plaintiff*, John H. Anderson, might be ordered to assign the *supersedeas* judgment to the complainants, and for *contribution* from Absalom Anderson, Jesse Wright and Henry Clary, as co-sureties with complainants' testator.

Wright and Clary, in their answer, deny the right of the complainants to an assignment of the judgment, or any right to contribution from them, they being mere sureties for Wm. P. Anderson and Absalom Anderson, the co-surety with Smith. Absalom Anderson, in his answer, asserts the insolvency of Wm. P. Anderson, admits his own liability for one-half the debt, and judgment paid by the complainants, and avers that, before the bill was filed, he tendered them said moiety, and offers to bring the same into court as his full portion as co-surety with Smith. John H. Anderson in his answer, denies that the complainants have any right at law or in equity, to call on him for an assignment of the *supersedeas judgment*.

At the July term 1854, on the 3rd of that month, the court, on petition of Absalom Anderson, passed an order that he bring into court the sum of $377.91, the amount of one-half of the principal, interest and costs, paid by the complainants, and of interest thereon, and of the costs of this suit to the date of the order, and this sum was accordingly paid into court.

The case was set down for hearing on bill, answers and replication, and the court (NELSON, J.) passed a decree, that the complainants were not entitled to an assignment of the *supersedeas judgment*, nor to contribution from Wright and Clary, but are entitled to contribution from Absalom Anderson, and that he pay the complainants one moiety of the judgment and costs paid by them, with interest, thereon to the 3rd of July 1854, and complainants' costs in this suit to that day, and that the costs accruing since that date be paid by the complainants, and that the fund brought into court by him, under its

66    v.18

order of that date, be delivered and paid to the complainants. From this decree the complainants appealed.

The cause was argued before Bowie, C. J., Bartol and Goldsborough, J.

*Joseph M. Palmer* for the appellants.

1st. Was the assignment of the *supersedeas* judgment to the complainants good and valid, either at common law or under the Act of 1763, ch. 23, so as to entitle them to the relief they seek in equity? It was unquestionably a right or claim which John H. Anderson could assign to any one he pleased, and give to the assignees all the right he had to it, and he did, by his authorised attorney, assign the same in writing, under hand and seal, to the complainants. All *choses in action* may be assigned in equity, independent of the Act of 1763, and the assignees can enforce payment of them, and a court of law will protect equitable assignees in all cases where the assignment is *bona fide.* 4 *Mass:*, 511, *Dix, et al., vs. Cobb.* 1 *Wheat.*, 236, *Welch vs. Mandeville.* 17 *Johns:., 284, Prescott vs. Hull.* 1 *Bac. Abr.*, 249, 250. An assignment for a valuable consideration may be by parol. This assignment, then, can only be defeated and vacated by the defendants in the *superdeas* judgment, by some superior equity to that of the complainants under the assignment.

2nd. The complainants paid this judgment and took an assignment of it, and what superior equity can the defendants in that judgment have, to defeat the *bona fide* assignees thereof? The *supersedeas* judgment takes the place of the original judgment, and is a *merger* of it, and of the bond, the original cause of action, and the complainants were absolved from all obligation, by reason of the co-suretyship of Absalom Anderson and Smith, their testator. The assignment clothed the assignees with all the rights of the assignor, both at law and in equity. The case of *Creager vs. Brengle,* 5 *H. & J.*, 244, is conclusive upon this question. The assignee or purchaser is subro-

gated to all the rights and remedies of the assignor. 11 *G. & J.*, 114, *Colegate's Case.* 2 *Vernon*, 609, *Parsons vs. Briddock.* 2 *H. & J.*, 238, *Norwood vs. Norwood.* The cases of *Semmes vs. Naylor*, 12 *G. & J.*, 359, and *Hollingsworth vs. Floyd*, 2 *H. & G.*, 87, when carefully examined, will be found not to be applicable to this case; there was no written assignment in either of them as in this. The assignment here to the complainants, stands upon precisely the same principles as if it had been made to any one else, and they claim the right to enforce payment of the whole judgment, unless the defendants can show some superior equity.

3rd. But if I am wrong in these views, in relation to the right of subrogation and merger, still the complainants are entitled to *contribution.* Wright and Clary became superseders to secure the same identical debt due on the bond for which the superseded judgment was rendered. It is admitted that contribution between sureties arises from principles of equity, independent of contract. It exists between all sureties for the same debt, whether engaged jointly or severally, or all in one instrument, or in several, and whether the one has knowledge of the other's engagement or not, because in all these cases a payment by one surety of the debt secured, is equally a benefit to all the others. 1 *Story's Eq., sec.* 495. 2 *Bos. & Pull.*, 270, *Deering vs. Earl of Winchelsea.* 1 *Saund. Rep.*, 264, note. 14 *Ves.*, 166, *Craythorne vs. Swinburne.* 5 *Dana*, 110, *Breckenridge vs. Taylor.* 4 *Johns. Ch. Rep.*, 334, *Campbell vs. Mesier.* This question has been finally settled in this State by the case of *Craig, et al., vs. Ankeney*, 4 *Gill*, 231. For whose debt, then, did Wright and Clary become sureties? Most certainly for the debt of William P. Anderson, the same debt for which also Smith and Absalom Anderson were sureties. It is said Wright and Clary became sureties for Absalom Anderson. This is not so, Absalom was only the surety for William P., who owed the money and was the real debtor. They became superseders as sureties for William P. Anderson, and stayed execution of the judgment for six months.

4th. The *ex-parte* proceeding of Absalom Anderson, in procuring an order to compel himself to bring the money into court, can have no binding operation upon the complainants. This order was procured without a particle of evidence or law to substantiate it, and is clearly erroneous.

*Wm. J. Ross* for the appellees:

1st. At common law, when one of obligors pays the debt, his remedy is by an action of *assumpsit:* he has no right to an assignment of the bond. 7 *Gill*, 34, *Carroll vs. Bowie.* At law the bond is extinguished by payment by the surety. 1 *White & Tudor's Lead. Cases in Equity* 84. 1 *Turn. & Russ.*, 224, *Copis vs. Middleton.* Nor does the Act of 1763, ch. 23, authorize, in this case, such assignment by the creditor to the surety. The 8th section authorizes assignments of judgments in two cases, 1st, where a surety pays a judgment he is entitled to an assignment by the creditor against the *principal;* 2nd, when the judgment is rendered against *several sureties,* and one pays, he is entitled to an assignment against his *co-sureties:* which is not the present case. As to the construction of the 7th section of this Act, see 7 *Gill*, 41.

2nd. The appellants not being entitled to an assignment of this judgment, they are not entitled to an assignment in equity, of the *supersedeas* judgment. Absalom Anderson and Smith were co-sureties for William P. Anderson, each being liable to the other for contribution, upon the failure of the principal to pay the debt. In the *supersedeas judgment* Wright and Clary are sureties for William P. Anderson and Absalom Anderson alone, and therefore do not stand in the relation of co-sureties with Smith for William P. Anderson. The case of *Norwood vs. Norwood,* 2 *H. & J.*, 238, was the case of an assignment of a judgment where both parties were co-obligors. The cases of *Southeren vs. Reed,* 4 *H. & J.*, 307, and *Merryman vs. The State,* 5 *H. & J.*, 423, were cases of assignments of judgments against the *principal debtor alone.* The precise point in this

case is decided in *Hollingsworth vs. Floyd,* 2 *H. & G.*, 87, and in *Semmes vs. Naylor,* 12 *G. & J.*, 361. In *Creager vs. Brengle,* 5 *H. & J.*, 241, the court refused relief by ordering an assignment of the judgment against the bail. The case of *Colegate vs. Savings Ins.*, 11 *G. & J.*, 141, is not analogous: it is a legal assignment against the principal debtor. In this case there has been no legal assignment; the assignment of the attorney is but an equitable assignment. 2 *H. & J.* 238. In *Creager vs. Brengle* the court refused to aid the equitable assignee of the judgment. Substitution is not by contract, but is a creature of equity, and what equity have the complainants to an assignment of the *supersedeas judgment* against his co-surety, and the superseders, whose liability was not contemplated when Smith became the surety of William P. Anderson?

3rd. The complainants are not entitled to contribution against Wright and Clary, sureties in the *supersedeas* judgment. It is admitted that contribution exists when persons are sureties for the same person and the same debt, although bound by different instruments executed at different times. 4 *Gill*, 225, *Craig, et al., vs. Ankeney.* The error of the complainants in this case is, in assuming the proposition that the judgment superseded by Wright and Clary, is the same identical debt, and for the same person for whom Smith originally became surety. Absalom Anderson, Wright, Clary and Smith, are not co-sureties for Wm. P. Anderson, 1st, because if so, should the complainants recover, as contribution, one-fourth of the debt from each of these parties, Wright and Clary would recover the same amount from Absalom Anderson, as they superseded the judgment from him, as well as Wm. P. Anderson, they being his sureties; 2nd, because if Wright and Clary pay the *supersedeas* judgment in full, they are entitled to full indemnity, not contribution, from Absalom Anderson. 2 *H. & G.*, 87, *Hollingsworth vs. Floyd.* 12 *G. & J.*, 358, *Semmes vs. Naylor.* 1 *White & Tudor's Lead. Cases in Equity*, 95, and cases there cited.

BARTOL, J., delivered the opinion of this Court.

The result of a careful examination of the questions involved in this appeal, and of the authorities cited in the argument, is to satisfy this court of the correctness of the following propositions:

1st. That an original judgment is not merged, or destroyed by a judgment of *supersedeas* under our Acts of Assembly. There is no authority for the contrary proposition, and the doctrine of merger does not apply.

Merger occurs where one security is of a higher or more solemn nature than the other; but in the case of two judgments for the same debt, each being of equal solemnity, there is no merger. The plaintiff may pursue his remedy at his option, either on the original or *supersedeas* judgment. Suppose a judgment against A and B, and B dies after judgment, then A with C and D as his sureties, supersedes, can it be maintained that the creditor may not revive the original judgment against the representatives of B, and have execution against the assets of B? The only restraint on the plaintiff is, that he shall recover no more than one satisfaction of the same debt.

2nd. If a judgment be rendered against A, B and C, A being principal, and B and C his sureties, and afterwards the judgment be superseded by A, B and C, the original defendants, with D and E as sureties, in such a case D and E are sureties for A, B and C, who, as to D and E, are all principals. The sureties of the original debtor are not co-sureties with the new parties on the *supersedeas*, in the sense in which the term co-surety is used in the law, with reference to the right of contribution. It is true, that in one sense all are sureties for the principal debtor for the same debt; but as between themselves, the obligation of the latter is subsequent to, and secondary to, that of the former.

This proposition is very clearly expressed in the opinion delivered by Judge Earle, in the case of *Hollingsworth vs. Floyd*, 2 *H. & G.*, 87, 91, and although not directly involved in the case, or strictly necessary for its decision, we are all of

opinion that the law, as announced in the opinion of the learn-ed judge, was sound, and supported both by reason and au-thority. In *Semmes vs. Naylor*, 12 *G. & J.*, 361, principles very analogous were announced, and are not inconsistent with the decisions in the cases of *Creager vs. Brengle, Colegate vs. The Savings Bank, Norwood vs. Norwood,* or the cases in 2 *Vernon* and 5 *Dana,* cited by the appellant in argument.

3rd. In this case, the conclusion, from what has been said, is, that the complainants' testator being one of the original sureties for William P. Anderson, the principal debtor, his representa-tives have no claim to subrogation as against Wright and Clary, the sureties on the *supersedeas.* They were not co-sureties with the complainants' testator.

It has been very correctly said, that the rights to contribu-tion, as between sureties, arise out of the principles of equity and justice which grow out of the relations of the parties to each other. It is clear, that Absalom Anderson, who was co-surety with John H. M. Smith, the complainants' testator on the original debt, would be equitably entitled to equal contri-bution from John H. M. Smith for any money he (Anderson) might be legally bound to pay in satisfaction of the debt.

It is equally clear, that as between Absalom Anderson and the respondents, Wright and Clary, who were sureties for him, the latter would be entitled to claim full indemnity and satis-faction for any money paid by them. If, therefore, the com-plainants were to recover from Wright and Clary, they would be entitled to be repaid in full by Absalom Anderson, who, as to them, was principal, while Absalom Anderson would have a right, as before said, to recover, in his turn, contribution from the complainants' testator, who, as to him, was co-surety and equally bound; it must follow, therefore, that the complainants can have no right to contribution from Wright and Clary.

4th. As to Absalom Anderson, who was co-surety with Smith, the complainants were entitled to recover contribution from him, which the Circuit court allowed them by the decree, and in that respect the decree below was correct.

We find no error in the proceedings of the Circuit court on the petition of Absalom Anderson, whereby he was allowed to bring into court the money, to which he acknowledged the complainants to be entitled, and thereby became exempt from further interest and cost. The court's order appears to have been passed in term time, and the complainants, therefore, are chargeable with notice of it. Such proceedings are consistent with justice, and sanctioned by the practice of courts of equity. See *Daniell's Ch. Prac., vol.* 3, *chap.* 39; 1 *Bland*, 156 and 343. A decree will be signed affirming the decree below, with costs to the appellee.

*Decree affirmed.*

(Decided July 9th, 1862.)