# IRVING J. WALLACE *vs.* ELISHA W. JONES.

*Subrogation—Rights of Surety Paying Debt of Principal—As-
signment of Debt to Surety Enforceable in Equity—En-
dorser Who Pays Promissory Note Entitled to Assign-
ment of Judgment Against Maker.*

When a surety pays the debt of his principal to the creditor, he
is subrogated to the rights and liens of the creditor against
the principal debtor. Such payment operates as an assign-
ment in equity of the debt and of the securities given for it.
The debt is discharged as to the creditor, but it is not extin-
guished as between the debtor and the surety. The right of
the surety to be subrogated is not founded upon contract, but
upon principles of equity and natural justice. The creditor
cannot refuse to assign the debt to the surety, and his obliga-
tion to do so is enforceable in equity.

The equitable doctrine of subrogation is not limited to cases
where a formal suretyship exists, but it is applicable when-
ever there is a liability fixed upon one person to pay a debt
which another person, who is the principal debtor, ought to
pay.

The endorser of a promissory note is a guarantor or surety of
the maker as the subsequent *bona fide* holder for value. If
he pays the note, he is entitled to an assignment of a judg-
ment obtained by the holder against the maker.

When the holder of an overdue promissory note obtains a judg-
ment against A., who was the payee and endorser of the note,

and also a judgment against B., who was the maker of the note, A. is entitled, upon paying the amount of the judgment against B., to have that judgment assigned to him, upon the general principles of subrogation, and also by virtue of Code, Art. 8, secs. 5 and 6, which provide that when a person shall recover judgment against the principal debtor and surety, and the amount of the judgment shall be satisfied by the surety, the creditor shall assign the same to the surety.

If the judgment creditor in such case refuses to assign the judgment upon payment of the amount thereof, a bill in equity lies to enforce an assignment.

The judgment creditor cannot refuse to make the assignment upon the ground that the maker of the note has a defense to it as against the payee.

*Decided February 11th, 1909.*

Appeal from the Circuit Court for Somerset County (HOLLAND, J.).

The cause was submitted to the Court on briefs by:

*Joshua W. Miles, Henry L. D. Stanford* and *H. Fillmore Lankford, for the appellant.*

*Ellegood, Freeny and Wailes* and *R. F. Duer,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant, as the holder of an overdue promissory note made by Samuel J. and Carrie L. Windsor to the order of the appellee and by him endorsed, brought separate suits thereon against its endorser and makers and obtained a judgment in his favor for a like amount in each case. The appellee, as the endorser of the note, thereupon tendered to the appellant the full amount of the judgment against the makers asking at the same time for an assignment to him of that judg-

ment. The appellant refused to assign the judgment as requested but offered to enter it satisfied.

The appellee then filed the bill in this case, on the equity side of the Circuit Court for Somerset County, against the appellant setting forth in detail the facts relative to the suits on the note, the judgments obtained therein, the tender by the appellee of the amount of the judgment against the makers of the note and his request for an assignment of it to him and the refusal of the request and the threat by the appellant to issue a *fieri facias* on the judgment against the appellee. The tender was renewed in the bill and the money paid into Court at the institution of the suit. The prayer of the bill was for an injunction restraining the appellant from issuing execution on his judgment against the appellee as endorser of the note, for a decree requiring the appellant to assign to the appellee the judgment against the makers of the note, and for general relief. The bill was verified by the affidavit of the plaintiff.

A preliminary injunction having issued as prayed, the appellant answered the bill under oath admitting its material allegations, but averring that a dispute existed between the makers of the note and the appellee as its payee concerning the terms or conditions of the sale of a horse in payment for which the note had been given, and insisting, by way of demurrer, that the appellee had an adequate remedy at law against the makers of the note and was therefore not entitled to relief under his bill.

By the final decree in the case, from which the present appeal was taken, the injunction was made perpetual, the money paid into Court was awarded to the appellant and he was directed to assign the judgment, against the makers of the note, to the appellee. No order setting down the case for final hearing appears in the record but the decree recites the submission of the cause for decree, and an agreement of counsel on behalf of the parties has been filed in this Court waiving all errors of pleading and assenting that "the case may be considered by this Court as having been submitted to the

Court below on bill, answer, affidavits and exhibits in order that it may be decided on the law and merits thereof."

The learned Judge below was clearly correct in the disposition of the case made by the decree. Apart from any rights confered by statute upon a person occupying the position of the appellee, he was entitled to the relief granted him by the decree appealed from under the universally recognized doctrine of equitable subrogation. That doctrine was declared by this Court in *Orem* v. *Wrightson,* 51 Md. 43, to be a peculiar feature of equity not founded on contract but having its origin in a sense of natural justice. It was there said: "So soon as a surety pays the debt of a principal debtor equity subrogates him to the place of the creditor and gives him every right, lien and security to which the creditor could have resorted for the payment of his debt. As said in the annotation to the case of *Dering* v. *The Earl of Winchelsea,* 1 Lead. Case in Eq. 60: 'Payment by one who stands in the relation of surety although it may extinguish the remedy or discharge the security, as respects the creditor, has not that effect as between the principal debtor and the surety. As between them it is in the nature of a purchase by the surety from the creditor; it operates as an assignment in equity of the debt and all legal proceedings upon it, and gives a right in equity to call for an assignment of all securities, and, in favor of the surety, the debt and all its obligations are considered as still subsisting.' " See also to the same effect *Hollingsworth* v. *Floyd,* 2 H. & G. 90; *Creager* v. *Brengle,* 5 H. & J. 240; *Barron* v. *Whiteside,* 89 Md. 460; *Sotheren* v. *Reed,* 4 H. & J. 309; *Ghiselin* v. *Ferguson,* 4 H. & J. 521; *Robertson* v. *Mowell,* 66 Md. 530; *Smith* v. *Anderson,* 18 Md. 520; *Am. Bonding Co.* v. *Mech. Bank,* 97 Md. 605; *Alexander* v. *Fidelity & Deposit Co.,* 108 Md. 541, and notes to *Nelson* v. *Webster,* 68 L. R. 513, where a copious and well-arranged collection of the authorities upon the various applications of the doctrine of subrogation will be found.

The equitable doctrine of subrogation is not limited in its operation to the relation of formal suretyship but it applies

in full force to the situation of all persons upon whom there is a fixed liability, whether as surety, endorser, acceptor or guarantor, to pay a debt which the principal debtor ought to pay. *Harris on Subrogation,* sec. 174; *Dixon on Subrogation,* pages 139-40; *Pomeroy's Equity,* Vol. 6, secs. 912, 921.

. The right of the appellee to an assignment of the judgment against the maker of the note does not rest entirely upon the principle of subrogation. Section 5 of Article VIII of the Code provides that: "The surety in any bond or other obligation for the payment of money, or promissory note or the endorser of any protested bill of exchange who shall pay or tender the money due thereon, whether the whole be due or part has been previously paid, shall be entitled to an assignment thereof and may by virtue of such assignment maintain an action in his own name against the principal debtor." Section 6 of the same article provides that: "When a person shall recover judgment against the principal debtor and surety, and the amount due on the judgment shall be satisfied by the surety, the creditor or his attorney of record shall assign the same to the surety, and such assignment being filed in the Court where the judgment was rendered the assignee shall be entitled to execution in his own name against the principal for the amount so paid by the surety."

. The obvious purpose of these sections, which are a reenactment in part of the Act of 1763, Ch. 23, is, as was said by our predecessors in *Creager* v. *Brengle, supra,* in construing the Act of 1763, "to place the surety where he should stand, in the shoes of the judgment creditor," and if the creditor refuse to make such assignment to the surety upon being tendered by him the amount of the debt the latter upon established principles of equity has a right in a Court of Chancery to call on the creditor for the assignment. *Hollingsworth* v. *Floyd, supra; Creager* v. *Brengle, supra; Smith* v. *Anderson, supra,* and note (e) to *Nelson* v. *Webster, supra,* at page 553.

The appellant without seriously controverting the general propositions stated by us contends:

First, that the appellee being the original payee of the note is not entitled to be regarded as a surety within the meaning either of the equitable doctrine of subrogation or the sections of the Code to which we have referred; and,

Secondly, that the maker of the note has a defense to it against the appellee of which he would be deprived by an assignment of the judgment against him to the latter.

We regard neither of these objections as sound.

The appellant in giving to the appellee a negotiable promissory note put in his hands a form of obligation which he might be expected in the ordinary course of business to endorse and transfer to third parties. Although the position of the appellee upon the note at its inception was not that of a surety for the maker, yet when he endorsed it and transferred it to a third party he thereby became a guarantor for its payment to his endorsee and all future *bona fide* holders of it for value. Certainly as between him and the appellant, who became one of such future holders of it, he assumed the obligation of a guarantor and it was in the enforcement of that obligation alone that the judgment was obtained against him upon which the appellant was about to issue execution when the bill in the present case was filed. Under these circumstances the appellant, while insisting upon the enforcement of the appellee's obligation as guarantor of the note, cannot be permitted to deny or refuse to recognize the rights of subrogation either equitable or statutory which accrue to the appellee when he satisfies his obligation as guarantor by payment of the guaranteed debt.

Nor can the appellant escape or evade his duty to assign the judgment to the appellee by suggesting, as he does in his answer, that the maker of the note may have a defense to it, in whole or in part, as against the latter which might be rendered unavailable if the judgment were assigned to him. The maker of the note is not a party to this suit, which was instituted to enforce the rights of the appellee against the appel

lant, and the defenses, if any, of the maker of the note cannot be indirectly asserted or determined here. If there exists any sufficient equitable reason, which was not available to the maker of the note as a defense to the suit on it by its holder, why the appellee when he obtains an assignment of the judgment should not be permitted to enforce it, that reason can be asserted by the maker in an appropriate bill in equity at the proper time.

The appellant's brief strongly relies upon the cases of *Schleissman* v. *Kallenberg,* 72 Iowa, 338, and *Bank of Old Dominion* v. *Allen,* 76 Va. 200, as authorities for its contention. A careful examination of those cases discloses the fact that the actual decision in each of them was entirely consistent with the principles upon which we have relied in arriving at our present conclusion. In each of those cases the real question at issue was the right of an *accommodation endorser* of a note, who had paid and secured an assignment of a judgment on it against its maker in favor of a subsequent holder, to enforce that judgment, and in each case the endorser was held to be entitled to enforce the judgment. As an *accommodation endorser* is held by all of the authorities to be entitled to the rights of a surety, those cases were correctly decided. We therefore deem it unnecessary to discuss the soundness of the *obiter dicta,* quoted in the appellant's brief, from the opinion in *Schleissman's Case,* touching the obligation, in general, of the maker of a note to its payee who having endorsed it pays and takes an assignment of a judgment on it obtained by a subsequent holder against the maker.

The decree appealed from will be affirmed.

*Decree affirmed with costs.*