BELLE EMBREY et al. *v.* EVA P. EMBREY.
[No. 47, April Term, 1932.]

*Decided June 21st, 1932.*

The cause was submitted on briefs to BOND, C. J., PATTI-SON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*T. Lyde Mason,* for the appellants.

*H. Courtenay Jenifer* and *Thomas M. Jenifer,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

In 1907, one Robert L. Embrey acquired by deed from Joseph Chaney and wife about one-half acre of land in Reisterstown, with a small dwelling thereon, subject to a mortgage of $600, which was paid off on May 7, 1910.

On December 1, 1914, Robert L. Embrey and his wife, Eva P. Embrey, the appellee, executed a mortgage to one Kephart Pfeffer for the sum of $200, payable three years after date, to secure the payment of their joint promissory note, the proceeds of which were used for the husband's personal needs.

Shortly after or about the time of the execution of the mortgage, Robert L. Embrey deserted and abandoned his wife and his three infant children, Evelyn A., Lillian Gertrude, and Clifton E. Embrey, and went to Virginia to live. While there he filed a bill for divorce alleging therein that his wife, Eva, had abandoned and deserted him. The proceedings in the Virginia court were, it seems, unknown to the wife; at least, she failed to appear and answer. On June 10th, 1916, an absolute divorce was granted Robert L. Embrey by the Virginia court, and on July 3rd, 1916, he married Belle A. Embrey, one of the appellants. As a result of this last marriage, two children, the infant appellants, Margaret and Annetta Embrey, were born. The wife by the second marriage was a native of Baltimore City. Two years after her marriage she located in Baltimore County with her husband, and lived there with him until his death in April, 1928.

After Eva P. Embrey had been deserted by her husband, she received nothing from him with the exception of twelve dollars that he sent at the end of the first month; nor did she hear from him thereafter. With her three children she continued to occupy the home in Reisterstown. To support herself and children, the mother took in "boarders, baked cakes and pies and sent the children around the neighborhood to sell them." Wishing to be relieved of the burden of paying the interest on the mortgage of $200 on their home, Eva P. Embrey, on April 28th, 1917, nearly a year after the divorce, paid to the mortgagee the amount of the mortgage and interest with money she had received from her father's estate, and took an assignment of it. She continued to live on the property with her children until December, 1927, during which time she paid the taxes and insurance and made improvements on the property, for which no claim was made.

Upon the death of Robert L. Embrey, a bill was filed by the three children of his first marriage, who were then adults, asking for the sale of the property for the purpose of partition among those entitled thereto. Belle Embrey, the widow, and her two children, Margaret and Annetta Embrey, with Eva P. Embrey, assignee of the mortgage, were made defendants to the bill. Belle Embrey and her infant daughters answered the bill, in which they denied the right of Eva P. Embrey to participate as assignee of mortgage in the distribution of the proceeds of the sale of the property. Eva P. Embrey answered, admitting the facts alleged in the bill, and asserting that she was entitled to have paid to her out of the proceeds of the sale the amount of the mortgage assigned to her with interest. The question of her right to participate in the distribution was presented to the court, and after hearing testimony thereon the court decreed that the auditor, in stating his account, should distribute to Eva P. Embrey out of the proceeds of the sale, "in satisfaction of the mortgage on said property held by her, the sum of two hundred ($200.00) dollars, the amount of said mortgage, with interest from April 28th, 1917, the date of assignment of said mortgage." It is from that order of the court that this appeal was taken.

The appellants contend: First: That the appellee is not entitled to any reimbursement of her mortgage, because (A) her long occupancy and enjoyment of the property more than offset the amount claimed under the mortgage; (B) her long delay in seeking reimbursement of it, and especially not until after the death of Robert L. Embrey, constitutes such laches on her part as to deny her the right to assert it at this late date; (C) as the primary security of the loan was a joint promissory note and the mortgage was only collateral security, her claim is barred by limitations. Second: That without considering the value of the benefits derived by the appellee from her long usage and enjoyment of the property, which the appellants contend work an equitable extinguishment of her entire claim, she would not be entitled to more than one-half of the amount of the mortgage, as she was one of the

mortgagors and a joint maker of the promissory note, the payment of which the mortgage secured.

There is no merit in the objection that Eva P. Embrey's claim should be excluded because of her long occupancy of the mortgaged premises with her children. So long as she remained the wife of Robert Embrey, it was his duty to provide a home for her and the children, and after the divorce it was still his duty to maintain and support his children. The mere fact of furnishing them a home in which to live was certainly not in excess of the duty he owed them, thereby creating an obligation upon the mother to compensate him therefor. Nor is there anything in the contention that Eva Embrey was guilty of laches in the enforcement of the payment of her claim by foreclosure of the mortgage. This, we think, is too clear for argument. Nor was her claim barred by limitations. The contention that she was entitled to no more than one-half of the amount of the mortgage, as she was one of the mortgagors and a joint maker of the promissory note secured by the mortgage, is, we think, likewise without merit, inasmuch as the money borrowed upon the note was shown to be the indebtedness of the husband.

The joint note of Eva P. Embrey, and her husband, Robert L. Embrey, was given for money borrowed for the benefit of the husband and used by him. Upon signing this note, she became his surety for the payment of the money. The effect of her joining in the execution of the mortgage to secure the note was to permit her inchoate right of dower to be sold in the event of its foreclosure. After the divorce was obtained by the husband, her inchoate right of dower no longer existed and she of course was no longer his wife. It was not until after the marital relations were severed that she took an assignment of the mortgage. As surety for Robert L. Embrey for the payment of the note secured by the mortgage, she was entitled to be subrogated to the rights of the mortgagee against him, the principal. This included the right to take an assignment of the mortgage, and, as the court decided, she was entitled to have paid to her out of the proceeds of the sale of the

property the amount of the mortgage with interest. *Salmon v. Clagett,* 3 Bland, 125; *Freaner v. Yingling,* 37 Md. 491; *Ghiselin v. Fergusson,* 4 Har. & J. 522; *Orem v. Wrightson,* 51 Md. 34, 34 Am. Rep. 286; *Snook v. Munday,* 96 Md. 514, 54 A. 77; *Wallace v. Jones,* 110 Md. 143, 72 A. 769.

As we find no error in the court's action in granting the decree appealed from, the decree will be affirmed.

*Decree affirmed, with costs.*