MAGGIE A. MOSS *v.* ANNAPOLIS SAVINGS INSTITUTION.

[No. 28, October Term, 1939.]

136

*Decided October 27th, 1939.*

138

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Noah A. Hillman,* for the appellant.

*George E. Rullman,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Anne Arundel County dismissing an amended bill of complaint filed by Maggie A. Moss against the Annapolis Savings Institution, in which the plaintiff prayed that a decree *in personam,* entered against her in a mortgage foreclosure proceeding, be set aside, that execution thereon be annulled, that the defendant be required to account for sales, rents and profits, and payments on account of the mortgage debt since the decree, and that defendant be enjoined from enforcing the decree.

The mortgage was executed on June 15th, 1924, by Robert Moss and Maggie A. Moss, his wife, to the Annapolis Savings Institution, to secure a loan of $12,000, and covered property owned by Robert Moss. It recites that the mortgagors "have this day received by way of loan an advance from the said Savings Institution the sum of Twelve thousand dollars." Both mortgagors expressly and without qualification covenanted and agreed to "pay the mortgage debt," and they also in the same manner covenanted and agreed to do other things deemed essential to secure the repayment of that debt, and agreed that in the event of default James M. Munroe, attorney and agent for the mortgagee, might foreclose the same. Default having occurred, Mr. Munroe on June 2nd, 1932, docketed in the Circuit Court for Anne Arundel County a suit to foreclose the mortgage. On May 10th, 1934, he reported a sale of the mortgaged property to the mortgagee for $7400. The usual *nisi* order on that report was published for the statutory period, and, after the expiration of the time within which objections to the sale might have been made, no cause having been shown, the

report was ratified. The case was then referred to an auditor, who, on July 12th, 1934, filed an account showing a deficit of $8276.65. An order that that account be ratified and confirmed unless cause to the contrary were shown before August 13th, 1934, was published in ordinary course for three successive weeks, and on August 15th, 1934, no cause to the contrary having been shown, the account was ratified, and confirmed. On August 28th, 1934, the mortgagee filed a petition for a decree *in personam,* and upon that petition the court ordered that notice thereof be given the mortgagors, informing them that, unless they paid and satisfied the deficiency, or showed cause to the contrary within thirty days from the service of the petition and order upon them, a decree *in personam* would be entered against them. A copy of the petition and order was served on each of the mortgagors on August 30th, 1934, and no cause to the contrary having been shown, nor any payment having been made on account of the deficiency, the court, on October 18th, 1934, signed a decree *in personam* against the mortgagors for $8276.65 and on April 28th, 1938, a writ of *fieri facias* issued on that decree.

On May 14th, 1938, Maggie A. Moss, one of the mortgagors, filed the original bill in this case. On August 15th, 1938, the court sustained a demurrer to that bill, with leave to amend, and on September 14th, 1938, the amended bill was filed. A demurrer to that bill was also sustained and the bill dismissed.

Since the amended bill contains all material allegations found in the original bill, and no reference is made in appellant's brief to the original bill, it need not be considered.

In addition to the facts stated above, the amended bill alleges that appellant executed the mortgage for the sole purpose of barring her dower rights in the mortgaged property, that the mortgage loan was to her husband and not to her, and that she received no part of the proceeds of the mortgage, that the mortgaged property was ample security for the loan when it was made, that de-

fendant was satisfied with the security afforded by the mortgaged property and sought no other security, that application for the loan was made not by her but by her husband, that the proceeds were used (a) to pay off an outstanding mortgage, and (b) to improve the property, which was the property of Robert Moss, in which she had no interest other than her dower rights, that she did own however other valuable real estate, and that the defendant was about to sell that property to satisfy the decree *in personam* which was for a debt owed not by her but by her husband. The bill contains no averment of surprise, fraud, mistake, coercion, or duress, so that the single question presented by the appeal is whether the facts stated warrant the relief prayed.

Apart from all other considerations the appellant's acquiescence and delay apparently bar completely her right to attack at this time the validity of the decree *in personam.*

In the mortgage, executed nearly fourteen years before this proceeding, she acknowledged without any qualification that she and her husband had received a loan of $12,000 from the mortgagee, and in it she with her husband covenanted and agreed to pay that debt. Although duly notified that an auditor's account had been passed showing a "balance subject to a decree *in personam*" of $8276.65, she made no objection to its ratification; although duly notified that a sale of the mortgaged property to the mortgagee for $7400 had been reported, she interposed no objection to the ratification of that sale, nor did she suggest then or later that the sale was not fairly made, and, although warned that a decree *in personam* for the deficiency would be passed unless she showed cause to the contrary, she neither showed cause nor objected to the passage of the decree until she filed the bill in this case, three years and seven months after its passage.

The principle is firmly established that one who, with full knowledge of the facts and after legal notice, fails to interpose timely objection to the passage of an order,

decree, or judgment, adversely affecting his rights in a judicial proceeding to which he is a party, will be held to have acquiesced therein, and to have waived any right which he may have had to object thereto, and in the absence of unusual and extraordinary circumstances justifying a finding of fraud, mistake, duress, surprise, or coercion, he will not thereafter be permitted to question its validity. *Miller's Equity Proc.*, secs. 553, 589; *Bainder v. Bldg. & Loan Assn.*, 161 Md. 597, 603, 158 A. 2; *Watson v. Home Owners' Loan Corp.*, 176 Md. 36, 3 A. 2nd 715; *Moodhe v. Schenker*, 176 Md. 259, 4 A. 2nd 453; *Kirsner v. Cohen*, 171 Md. 687, 689, 190 A. 520; *Freeman on Judgments*, sec. 1192; *Wiltse on Mortgage Foreclosure*, secs. 648, 649; *Kirsner v. Sun Mortgage Co.*, 154 Md. 682, 141 A. 398; *Miller's Equity Proc.*, sec. 511; *Brown v. Gilmor*, 8 Md. 322, 326-328; *Albert v. Hamilton*, 76 Md. 304, 25 A. 341; 21 *C. J.* 711, 714; *Walsh v. Smythe*, 3 Bland. 9, 27; *Barroll v. Forman*, 88 Md. 188, 194, 40 A. 883; *Hitch v. Fenby*, 6 Md. 218; *Barry v. Barry*, 1 Md. Ch. 20; 19 *Am. Jur.*, "Estoppel," secs. 62, 55, 59.

That principle applies with conclusive and controlling force to the facts of this case, for although the appellant was a party to the mortgage and had covenanted and agreed to pay the mortgage debt, and was therefore equally liable with her husband for the payment thereof, and equally with him subject to the provisions of Code, art. 66, sec. 24, although duly warned to show cause why a decree *in personam* should not be entered against her, she permitted the decree to be passed without appearance and objection, and while she now suggests that she executed the mortgage for the sole purpose of barring her dower interest in the mortgaged property, no such limitation of her liability appears in the mortgage itself, and in the fourteen years that intervened between its execution and the institution of this suit she made no effort to have it reformed, so as to limit the liability which on its face she assumed in executing it.

Nor indeed does the bill aver any facts sufficient to justify a reformation of the mortgage. The facts that title to the mortgaged property was solely in Robert Moss, that he used the proceeds of the loan for his exclusive benefit, and that she had no interest in the property other than such as the law gave her as his wife, did not, themselves and without more, limit or qualify the absolute quality of the obligation which she assumed when she executed the mortgage and bound herself to keep and perform its covenants and agreements. *Bletzer v. Cooksey,* 154 Md. 568, 574, 141 A. 380. Her contention appears to be that when she signed the mortgage she did not mean what her signature implied, but effect cannot be given to an undisclosed intent contrary to the plain language of the instrument (16 *Am. Jur.* 533, 527; *Ware v. Richardson,* 3 Md. 505) in the absence of fraud, mistake, surprise, duress, or accident (*Ibid;* 19 *Am. Jur.* 625), and there is no allegation in the bill that she disclosed any such intent to the mortgagee when it made the loan.

The cases of *Embrey v. Embrey,* 163 Md. 162, 161 A. 153, and *Stieff v. Millikin,* 162 Md. 245, 159 A. 599, cited to the contrary, deal with the rights of mortgagors *inter sese,* and the case of *Kushnick v. Lake Drive Bldg. & Loan Assn.,* 153 Md. 638, 139 A. 446, with the liability of one who in signing a mortgage expressly stated that he joined in it as a guarantor, and are not therefore authority for the principle that a wife, who joins in a mortgage on the husband's property to secure a debt stated in the mortgage to have been advanced to and received by both, is not suable on its covenants and liable under the statute to a deficiency decree. The broad statement in *Jones on Mortgages,* sec. 1718, that "A personal judgment against the wife is erroneous when the mortgage was executed by her with the husband upon his own land and to secure his own debt," is unquestionably in point, but the generalization is so much affected by the variance in the language of the statutes in the different

jurisdictions in which the decisions upon which it rests were rendered, that it is of little value in a case such as this, where the rights of the parties depend upon the construction and interpretation of the mortgage and emancipatory statutes of this state. Taken literally, it would be in conflict with *Bletzer v. Cooksey, supra,* and *Comegys v. Clark,* 44 Md. 108, 109, and would be disregarded.

Sound public policy requires that no person shall in a judicial proceeding be deprived of a right or charged with a default until he has been given a full and free opportunity of being heard in respect thereto, but the complement of that rule is that where one is given that opportunity, and elects to stand mute and allow the decision to go against him without protest or objection, that he is bound by it. There must of necessity be some end of litigation. The state can do no more than give the litigant "a day in court"; if he does not utilize it but suffers the decision to go against him by default, he is as conclusively and finally bound by it, as though he had actively contested it. See also *Jones on Mortgages,* sec. 111 *et seq.*

Nor did the bill make out a case entitling the plaintiff to a discovery and accounting from the defendant. The ground advanced for that relief is that Robert Moss had made certain payments on account of the decree *in personam,* "the amounts and dates of which are to your Oratrix unknown, on account of the said decree, that during said period the defendant has disposed of some of the property by sale for prices unknown and not within the knowledge of your Oratrix; that in addition to this, the defendant has received other rents and income from said properties, at times and in such amounts unknown to your Oratrix; that she believes and therefore alleges that the entire amounts received from all of these and other sources by the defendant will total a considerable sum of money and she is entitled to know what it is." Apart from the fact that Robert Moss is

the appellant's husband, and that she should have been able to learn from him what payments he had made, there is no allegation that the payments were not properly credited to the mortgagors, nor is there any allegation that she had ever applied to the mortgagee for information as to them.

The fact that the mortgagee, after the ratification of the mortgage sale, sold parts of the property and received rents and income from other parts, is also without significance, for, under the express provisions of article 66, section 11, title to the mortgaged property passed to the purchaser upon the ratification of the sale, and the payment of the purchase money. *Sullens v. Finney,* 123 Md. 653, 657, 91 A. 700; *Felgner v. Slingluff,* 109 Md. 474, 480, 71 A. 978; *Duvall v. Becker,* 81 Md. 537, 549, 32 A. 308; *Leonard v. Groome,* 47 Md. 499, 504. And since the mortgagee was the purchaser, and the purchase price was less than the amount of the mortgage, the mortgagee was only required to pay so much thereof as was necessary to pay the expenses of the sale, and it may be inferred from the allegations of the bill that that was done. The mortgagee, under the provisions of the Code, art. 66, sec. 14, acquired the same title to the property that any other purchaser would have taken, and had the same power to rent, sell, or mortgage it that the mortgagor had when the mortgage was recorded. *Sullens v. Finney, supra.* It held the property, after the ratification and payment of the purchase price of the sale, as owner and not as trustee for the mortgagors, and was not therefore under any duty to account to them for rents or profits issuing therefrom, or for the proceeds of any sale thereof.

For these reasons the order appealed from must be affirmed.

*Order affirmed, with costs to the appellee.*