## JULIA W. PEARCE *v.* GEORGE S. ARNOLD, RECEIVER, ET AL.

[No. 40, April Term, 1940.]

*Decided May 23rd, 1940.*

The cause was argued before OFFUTT, PARKE, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Charles G. Watson,* for the appellant.

*William C. Walsh* and *W. Earle Cobey,* submitting on brief, for the appellees.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Allegany County, in equity, dismissing the bill of complaint of Julia W. Pearce, the appellant, who sought to enjoin George S. Arnold, receiver of the Citizens National Bank of Frostburg, and Lucian C. Radcliff, sheriff of Allegany County, from selling certain property belonging to her, in pursuance of a writ of *fieri facias* issued upon a judgment confessed by George E. Pearce, deceased, and the appellant, it being alleged that the order for the confession of judgment was signed by the appellant while under duress of her husband, and that the judgment in consequence thereof was void. George S. Arnold, receiver, answered and demurred to the bill of complaint. The defenses presented by the appellees are: First, denial of the charges relating to duress; second, that there was no agency existing between the husband, George E. Pearce and the bank, or the receiver, and consequently the appellees are not bound by the conduct of George E. Pearce; third, laches; and fourth, the acknowledgment of the validity of the judgment and her recognition of it as a binding lien upon her property. The judgment was for $17,400 and was entered on the 31st day of July, 1929. On September 1st, 1939, after a lapse of more than ten years, a *fieri facias* was issued on the judgment, and the property of Mrs. Pearce was advertised for sale. It is this sale that is sought to be enjoined, for the reasons above recited. The validity of the obligations, in the form of promissory notes given by George E. Pearce, and his wife, Julia W. Pearce, the appellant, is not questioned, nor is the fact that the notes, aggregating $17,400, were due and unpaid at the time of the signing of the authority to enter the confessed judgment. The principle question presented is that of duress practiced upon the appellant by the husband in obtaining her signature to the authority to enter the judgment. The questions of agency, laches, acknowledgment of the validity of the judgment are secondary, but might be of importance in arriving at a conclusion in this appeal,

were it not for the main question of duress, where it is obvious that the evidence, and the general situation of the parties, do not warrant the granting of the relief prayed upon that ground.

There can be no doubt that the circumstances, with respect to this large indebtedness, which was an accumulation of notes given from time to time, caused a great deal of trouble and inconvenience in the Pearce family. Mrs. Pearce was not without business knowledge. She had assisted her husband in the store; had operated the business when he was sick; had made deposits in the bank, where she frequently went on business; she was a woman of intelligence and capacity and therefore could not be easily subjected to undue influences or duress; she was aware of the large obligations which were due and unpaid, and of the demands of the bank for their payment, and in view of these facts, and at the insistence of her husband, signed the order for confession, but, as the evidence shows, without threat, false representations, or intimidation. The judgment was entered, and was never questioned by her for a period of more than ten years, and so suffered to remain a lien upon her property and the property of her husband. After her husband had died, the bank, or its receiver, evidently desired to have this matter settled. The receiver conferred with Mrs. Pearce on several occasions to that end, and for the purpose of making payment on the judgment she had attempted without success to sell or borrow on her property. She was executrix of her husband's estate, and filed a suit to have her husband's property sold for the purpose of satisfying this judgment and other obligations, and she alleged, as is charged by the appellees and not denied by her, that this judgment was described and set-up in her bill of complaint as being an obligation of theirs, for the payment of which, together with other debts, it was desired to sell his property. In the conferences with the receiver of the bank, and in the bill of complaint, she never questioned the validity of the judgment, and only after this long lapse of time, when

limitations were about to run on the judgment, and after her husband's death, and after she had gone to live with a relative, was its invalidity asserted. Furthermore, in her testimony with regard to the duress practiced upon her, satisfactory details of the character of the alleged duress are lacking. There is no evidence of threats, or deception, and in the final analysis of the situation it seems that her husband was only urging her to do that which the bank, or the receiver, could have accomplished without his or her aid or assent, namely, to recover a judgment against both of them in an appropriate action at law for the amount of the obligations that they owed, which at the time of the judgment aggregated $17,400. Mr. Pearce was evidently in great need of money, as shown by additional loans to him, his efforts to borrow elsewhere, and the strained financial condition in which he found himself. They both owed the money and they both were liable to have a judgment entered against them. To avoid this, and to strengthen his financial condition, Mr. Pearce importuned his wife to confess the judgment, and it does not appear that he was wrongfully doing so, for nowhere is it contended that she had a valid defense by which she could escape the consequences of her signing the notes in question. That conditions were unpleasant in the home, according to the testimony of Mrs. Pearce, can be readily understood. Such large obligations, and efforts on the part of the bank to collect or secure the money, would naturally create the anxieties and disturbances related by Mrs. Pearce, and would also impel the husband to act as he did, in order to save his business, his property, and his good name financially; which evidently the giving of the judgment did, for the bank does not seem to have disturbed either of them for more than ten years, and then only after Mr. Pearce's death, when the period of limitations on the judgment was approaching, and the bank was in the hands of a receiver. In *Bletser v. Cooksey*, 154 Md. 568, 141 A. 380, where there was no sufficient evidence of false representations, threats, or intimida-

tions, the court refused to set aside notes and a mortgage claimed to have been obtained by duress. See also *Moss v. Annapolis Savings Inst.*, 177 Md. 135, 8 A. 2nd 881. The facts here do not measure up to the facts in *First National Bank v. Eccleston*, 48 Md. 145, nor in *Central Bank of Frederick v. Copeland*, 18 Md. 305.

In view of the law and the facts in the case we find nothing that would warrant us in reversing the order of the lower court from which this appeal is taken. We do not feel it necessary to consider at length the question of laches on the part of the appellant, or her waiver by acknowledging the judgment as a subsisting obligation, both of which appear; or the question of agency as raised, to refute the defense set up by the appellant.

For the reasons above assigned the decree will be affirmed with costs.

> *Decree affirmed, costs to be paid by the appellant.*