(Decided 14th March, 1872.)

---

ALBERT HARNICKELL vs. FRANCIS H. ORNDORFF, Administrator of JOHN ORNDORFF.

*Power of Sale in a Mortgage—Inadequacy of Price as a ground for vacating a Sale.*

Where power is given in a mortgage to the mortgagee, his heirs or assigns, to sell the mortgaged premises on default in the payment of the mortgage debt, or the interest thereon, it is competent for the administrator of the mortgagee to execute the power.

The power to sell given to a mortgagee is a power coupled with an interest in the mortgaged premises, and will pass to his assignee.

A sale of mortgaged premises will not be vacated on the ground of the inadequacy of the price obtained therefor, it appearing that the land sold for thirty-six dollars an acre, while the proof showed that it was worth from thirty to fifty dollars.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, ALVEY and ROBINSON, J.

*Nicholas W. Watkins*, for the appellant.

*Wm. P. Maulsby*, for the appellee.

GRASON, J., delivered the opinion of the Court.

On the seventeenth day of July, 1867, the appellant executed a mortgage of certain real estate in Carroll County to John Orndorff, to secure the payment of five thousand four hundred and eighty-eight dollars and twenty cents—one-half of said sum to be paid on the sixteenth day of July, 1869, and the balance on the sixteenth day of July, 1871, with interest thereon annually. The mortgage empowered the mortgagee, his heirs or assigns, to sell the mortgaged premises in the manner and upon the terms therein stated, in default of the payment of either of the instalments, or of the interest; and default having been made, the appellee, administrator of John Orndorff, who had died, after having complied with the provisions of the Code, and given the notice prescribed by the mortgage, sold the mortgaged premises for four thousand four hundred and thirty-eight dollars and fifty-eight cents, and reported the sale to the Circuit Court for ratification. The appellant filed exceptions to the ratification of the sale, which were overruled by the Court and the sale was ratified; and from the order overruling the exceptions and ratifying the sale this appeal is taken.

The first exception involves the right of an administrator to sell premises mortgaged to his intestate, when the mortgage authorizes a sale by the mortgagee, his heirs or assigns; and in his brief the appellant insists that a power thus given is a personal trust, to be executed only by the person named and described in the mortgage, and clothed with the power to sell, and that this appears from a correct construction of section 5, of Article 64, of the Code. The power to sell given by the mortgagor to the mortgagee is a power coupled with an interest, and will pass to the assignee of the mortgagee, who will be authorized to execute it. *Berry vs. Skinner*, 30 *Md.*, 573. Before the passage of the Act of 1825, chap. 203, from which Article 64, of the Code is mainly taken, a mortgagor could, by the terms of his mortgage, clothe the mortgagee or any third party, to be named in the mortgage, with power to sell

in default of payment. This is a power coupled with an interest in the estate, and will pass to any one who comes to the estate under the mortgagee, whether he be an assignee in fact or in law. 1 *Sugden on Powers,* 215; 4 *Kent's Com.,* 147. Article 64, section 20, of the Code provides that on the death of a mortgagee of lands, his interest and estate in the mortgaged premises, together with the debt secured by the mortgage, shall devolve on and vest in his executor or administrator. The appellee, therefore, upon the death of John Orndorff, became, by operation of law, the assignee of the estate in the land, as also of the debt mentioned in the mortgage, and could rightfully execute the power of sale conferred upon the mortgagee or his assigns.

The second, third, fourth and fifth exceptions are founded upon an alleged inadequacy of price obtained at the sale of the mortgaged premises. The land sold for thirty-six dollars an acre, while the proof shows that it was worth from thirty to fifty dollars. Upon this proof these exceptions could not be sustained and were properly overruled.

It was also alleged that the mortgage was given to secure the purchase money for the same land, which was sold by the appellee's intestate to the mortgagor, and that at the time of the sale the former made misrepresentations as to the value of the land and the price he had been offered for it by other parties, and this forms the ground of the sixth exception. Without now stopping to inquire as to the effect of such misrepresentations, if made as alleged, upon the case before us, it is sufficient to say that there is no proof in the record that the mortgage, under which the sale was made, was given to secure the payment of the purchase money of this land. For aught that appears in the record it may have been given for money loaned.

The seventh exception was abandoned in the Court below, and is, therefore, not before us on this appeal.

A reversal of the order of the Court below has been claimed in this Court because, as it is alleged, the cash payment has

never been made, and therefore that there has not been a compliance with the terms of sale. The proof shows that the property was bought by James A. Orndorff, on account of and for the benefit of the heirs of the mortgagee, for a sum which is not sufficient to pay even the principal of the mortgage debt, and as no part of the proceeds of sale can by possibility be distributed to the appellant, we cannot see how he is to be injured by the failure of the appellee to require the cash payment. If the appellee has failed to perform his duty in this respect, the parties interested, who may be injured thereby, have their remedy against his bond, given for the faithful discharge of the trust. The appellant has no interest in the fund, and therefore no standing in Court to make this objection.

The order appealed from must be affirmed.

*Order affirmed.*

(Decided 15th March, 1872.)