# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed January 22, 1897.

EUGENIA ALVERDA EASTER
VS.
WILLIAM STANLEY EASTER, ET AL.

*J. Markham Marshall* for plaintiff.

*Geo. R. Willis* and *Luther M. Reynolds* for Savings Bank of Baltimore.

STOCKBRIDGE, J.—

The bill of complaint in this case was filed by the plaintiff as one of the unsecured creditors of the late Hamilton Easter, in her own behalf, and that of all other creditors, whether secured or unsecured, praying the appointment of receivers, and the sale of the property belonging to the estate of the deceased debtor, for the benefit of the various creditors, in accordance with their legal priorities. Among others who were made parties defendant was the Savings Bank of Baltimore, which was the holder of a mortgage for a considerable amount, secured by certain property on Baltimore street, in this city. Upon the filing of the bill an order was passed, requiring the defendants named in the bill to show cause by a certain date, why the prayer of the petition should not be granted.

Before the day named in the order to show cause had arrived, the Savings Bank of Baltimore filed its petition in Court (accompanied by the mortgage which it held as an exhibit) for the sale of the property so mortgaged to it to secure its debt, under the power contained in the mortgage, and the consent therein given for the passage of a decree for the sale of the property, and its sale upon the occurrence of any default. Upon such petition and exhibit the customary ex parte decree was passed for the sale of the mortgaged premises, whereupon the plaintiff in this suit filed her petition praying that the Bank might be enjoined from proceeding with its foreclosure in order that the property might pass into the hands of the receivers when appointed, and be by them sold for the benefit of all the creditors of the deceased, whether holding liens or not upon specific property. To that petition the Bank has filed its answer denying the authority of the Court to interfere with its proceedings under its mortgage, and the point thus raised by the petition and answer is the sole one now presented to the Court for its determination. The question is simply this, can and will a Court of Chancery, upon proceedings instituted to subject the property of a decedent to the claims of his creditors generally, either before or after the appointment of a receiver in such a cause, arrest a mortgagee in the exercise of his right of foreclosure as contained in the mortgage?

An examination of the authorities in this State leads irresistibly to the conclusion that the Court neither will nor can so interfere. Counsel for the petitioner earnestly argued as to a distinction to be drawn between the *power of sale* and *the assent to the passage of a decree* by a Court of Equity *for a sale* of the mortgaged premises, but it has already been said by our Court of Appeals that "there is no well-founded distinction between a sale under such a decree and one authorized to be made by the mortgagee himself, or by some party named in the mortgage." Mackubin vs. Boarman, 54 Md. 390.

Since then there is no such distinction to be drawn, it remains only to ascertain the nature of the power contained in the mortgage. This has been defined to be a power coupled with an interest, a power intended for the benefit of the mortgagee affording him a more speedy and summary mode of collecting his debt than by the ordinary proceeding to foreclosure, a power appendant to the estate and part of

the security itself, a power which passes with the estate by assignment of the mortgage debt to the assignee thereof, whether he be an assignee in fact or law, a power the execution of which is affected neither by the death nor lunacy of the mortgagor. Mackubin vs. Boarman, supra; Berry vs. Skinner, 30 Md. 567; Dill vs. Satterfield, 34 Md. 52; Harnickell vs. Orndorff, 35 Md. 341; Chilton vs. Brooks, 71 Md. 451; Barrick vs. Horner, 78 Md. 254.

And in the case of Berry vs. Skinner, it was distinctly held in the case of a lunatic, where application had been made to the Court by the committee for authority to sell the mortgaged real estate, that such application did not and could not interfere with the right of the mortgagee to proceed in the exercise of the powers vested in him by the term of the mortgage. Accepting then the scope of this power as laid down by the Courts of our own State it is clear that the Court has not the right to interfere with its exercise in a case like the one now presented.

Reliance has been placed by the petitioner upon certain cases involving the relative rights' of insolvent trustees and mortgagees, but these have been determined upon the terms of some statute, and are therefore without application in a case like the present, while the cases of Hammond vs. Hammond, 2 Bland, and MacGill vs. Hyatt, 80 Md., are clearly distinguishable in the facts presented from the one under consideration. The petition in this case will therefore be dismissed with costs.

# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed January 29, 1897.

CITY & SUBURBAN RAILWAY COMPANY
VS.
THE MAYOR AND CITY COUNCIL OF BALTIMORE CITY AND JANON FISHER, CITY COMMISSIONER.

*Cowen, Cross & Bond* and *Geo. Dobbin Penniman* for plaintiff.

*Thomas Ireland Elliott* for defendants.