# JOHN CARLTON VAN WAGONER *v.* ROBERT S. NASH

[Nos. 30, 53, October Term, 1946.]

*Decided January 8, 1947.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by *John Carlton Van Wagoner,* in *pro per,* in both cases for the appellant.

Submitted on brief by *Adrian P. Fisher* and *George R. Linkins* for the appellee.

GRASON, J., delivered the opinion of the Court.

Cases No. 30 and No. 53, this term of court, involve a proceeding to foreclose a mortgage. The mortgage contained a provision that if default occurred the entire debt secured thereby became demandable and it "shall be lawful for the said party of the second part (mortgagee), his heirs or assigns, * * * at any time after such default, to sell the property hereby mortgaged * * *." The mortgage was a purchase money mortgage and was given to secure the prompt payment of three notes, aggregating $25,000 (the amount of the mortgage), payable respectively in two, three and four years. after date. The mortgage was "a condition precedent to the making of said notes." It was dated the 17th of April, 1926, the notes of even date and executed by J. Carlton Van Wagoner to Wilbur F. Nash.

Default having occurred, the foreclosure proceeding was instituted in the Circuit Court for Prince George's County on October 9, 1945, by Robert S. Nash, assignee of Wilbur F. Nash. Sale was made under the terms of the mortgage and reported to the court, to which exceptions were filed by Van Wagoner (appellant), which were overruled, and the sale ratified and confirmed on the 12th day of February, 1946. An appeal was filed to this Court from said order, which constitutes case No. 30. This appeal was not taken until May 10, 1946. There are two affidavits contained in the record—one by Van Wagoner and the other by Fisher, a solicitor for the assignee in these proceedings. Van Wagoner states therein that the final order in this case was obtained by mistake, in that he was not given notice of the time when the chancellor passed the formal order ratifying and confirming the sale, and he claims that he was entitled to notice; also that immediately after the signing of the order the special auditor took the papers in the case many miles distant from the Clerk's

Office, and for this reason he did not take his appeal within thirty days from the date of the order. Fisher states in his affidavit that the opinion of the chancellor was filed February 7, 1946, and, by the direction of the chancellor, a copy was mailed to Samuel J. McWilliams, solicitor for Van Wagoner, who admitted to Fisher that he received the copy of the opinion.

It was the duty of Van Wagoner to follow the case. Certainly the auditor did not take the current equity docket, which contained the docket entries in the case, from the Clerk's Office, and a reference thereto would have shown an entry of the order of February 12, 1946, dismissing the exceptions and ratifying and confirming the sale. The order merely gave effect to the Chancellor's opinion of which he already received a copy. We do not think appellant has shown any reason for not entering his appeal in this case within the time prescribed by rule five of this Court, which limits him to thirty days from the date of the filing of the order appealed from, to wit, February 12, 1946. The appeal was not taken until May 10, 1946, nearly three months after the date of the order, and it must be dismissed.

After the appeal was taken in case No. 30, the Court passed an order, on June 11, 1946, in the nature of a writ of *habere facias possessionem*, from which the appeal in case No. 53 was taken. After the ratification of the sale by the Court, no supersedeas bond was filed to stay proceedings. Article 5, Section 33, Code 1939. In the brief filed by appellant, in case No. 53, various grounds are urged for the reversal of the chancellor's action in this case. It is contended that the chancellor was without jurisdiction to pass the order appealed from, because the mortgage is a specialty and limitation applies by virtue of Section 3 of Article 57, Code 1939, as amended by the Acts of 1945, Chapter 467. This section provides that none of the instruments referred to therein, or other specialty, "shall be good and pleadable, or admitted in evidence * * * after * * * the debt or thing in action is above twelve years' standing * * *." This section, and the cases cited by the appellant, are

not applicable to a lien, such as a mortgage, which can only be barred by a lapse of twenty years. *Baltimore & Ohio R. Co. v. Trimble,* 51 Md. 99, at page 110; *Miller v. Horowitz,* 172 Md. 419, at page 432, 191 A. 906; *Jones on Mortgages,* 7th Ed., Vol. 2, Sec. 1204, at page 854. See *Cunningham v. Davidoff,* 187 Md. 134, 46 A. 2d 633, 164 A.L.R. 1383.

On April 30, 1946, on petition of the purchaser at the mortgage sale for the writ of possession, the chancellor passed a *nisi* order on the appellant to forthwith deliver the premises sold to Wilbur F. Nash, unless cause to the contrary be shown on or before the 10th day of May, 1946, provided copy of the order be served on appellant before May 5th, 1946. Appellant appeared and answered the petition. The petition referred to was grounded on Article 75, Section 99, Code 1939. This section, in substance, provides in cases where property is sold at mortgage foreclosure, the person in possession shall deliver the premises to the purchaser, and a judge, upon application in writing, sworn to by the purchaser, unless cause to the contrary be shown by the party in actual possession, within not less than fifteen days, nor more than thirty days from the filing of the application, shall issue a writ in the nature of a writ of *habere facias possessionem.* Appellant contends this section prohibited him from appearing in court at any time before May 15th or after May 30, 1946, for the purpose of showing why the writ should not issue against him. The chancellor passed the order appealed from on June 11, 1946. The argument advanced is that as the section gave him fifteen days to appear, and as the *nisi* order was dated April 30, 1946, the appellant, by the section referred to, was prevented from appearing until May 15, 1946, and he was also prevented from appearing after May 30, 1946, thirty days after the passage of the *nisi* order. The appellant answered the petition on May 10th and he appeared at the hearing of the matter on June 11, 1946. He claims he did not have thirty days within which to move from the premises. He had notice when he an-

swered on May 10th, and as the matter was not heard until June 11th, he had over thirty days to arrange to move from the premises, in the event he was ordered so to do. The section provides that the judge "shall" issue the writ "within not less than fifteen days nor more than thirty days from the filing of such application," "unless good cause to the contrary be shown by the party * * * in actual possession." This is the clear meaning of the section, and if the contention of the appellant is adopted, the matter would be prolonged indefinitely. As the appellant in fact had, at least, more than thirty days to arrange to move from the premises after he appeared to and answered the petition praying for the writ, it is hard to see how he was prejudiced because he did not have thirty days to move, which he claims of right.

The next point is trivial. The petition of the purchaser for possession of the property sold did not exhibit the deed to him from the assignee. This omission, it is claimed, vitiates the proceeding. There was no question that the deed was given by the assignee, accepted by the purchaser, and on record among the Land Records of Prince George's County. The testimony so shows. We are not dealing with a bill praying for an injunction or a receiver, and the rule in such cases is not applicable here.

It is contended that the purchase money was not paid to the assignee by the purchaser and that this is established by the undisputed proof in the case. The record shows that at the time of the sale the appellant was indebted to the purchaser, Wilbur F. Nash, in an amount more than the property brought at the sale. This the appellant admitted. Exhibit "G" was a statement of account between Wilbur F. Nash and appellant concerning this mortgage and the amount due thereon by him. It was in an amount larger than the property brought at the sale. In his testimony he admitted that this statement was correct. The claim of Wilbur F. Nash, under the mortgage, was preferred. Article 66, Section 4, Code 1939. He was a responsible bidder. In

the case of *Mizen v. Thomas,* 156 Md. 313, at page 324, 144 A. 479, cited by appellant, the purchaser was irresponsible. It is not the case here. What was said in *Lannay v. Wilson,* 30 Md. 536, at page 549, is in point.

"As to the payment of the purchase money, that is fully explained by the auditor's report. The claim of the purchasers was preferred, and it was much greater than the amount of the proceeds of sale; and it would have been a very useless—to say nothing of it as a senseless—ceremony, to have required the purchasers to pay over the money that the Court had adjudged to belong to them, in order that the trustee might go through the form of paying it back." *DuPuy v. Transportation & Terminal Co.,* 82 Md. 408, at page 457, 33 A. 889, 34 A. 910; *Moss v. Annapolis Savings Institution,* 177 Md. 135, at page 144, 8 A. 2d 881; *Miller, Equity Procedure,* Sec. 514, at page 608.

It is further argued that as Wilbur F. Nash did not pay the purchase money for the property sold he was in contempt of court. This argument is without substance.

It is stated that the deed executed by the assignee to the purchaser, for the property sold, was not delivered, and this is urged as a reason to strike down the action of the chancellor. We think the deed was delivered and the testimony fully confirms this view.

A portion of the opinion of the chancellor below is cited, from which it is argued that the chancellor ruled that the purchaser was not required by law to pay the purchase money for the premises sold under the mortgage. We have read the citation, and the chancellor did not make such a statement. However, it is beyond question that the purchaser paid the purchase price, and this contention is, therefore, immaterial.

It is contended that there was error in that the chancellor ruled upon ratification of the sale the appellant was obliged to forthwith surrender possession of the premises to the purchaser. This statement was made by the chancellor at the hearing. We do not understand that the chancellor actually ruled that one in

possession of mortgaged premises must vacate immediately when a sale of the premises has been ratified by the Court. Art. 66, Sec. 14, Code 1939; *Brewer v. Herbert,* 30 Md. 301-311, 96 Am. Dec. 582. The matter is immaterial because the appellant was not required to give possession to the purchaser until the sale was ratified and the purchase money was paid. The contention is made that a deposit of $2,000 required to be paid by the purchaser at the time of the sale was not complied with, because the check that was given for that amount to the assignee was not certified when given. It was certified after exceptions were filed to the sale. There is no substance to this contention, as the purchase price for the property has been fully paid.

At the hearing of this matter the chancellor recalled Robert S. Nash, and in answer to his questions Nash stated that the original mortgage notes were assigned to him by his father, the mortgagee, and that he was holding them for his father. Appellant says the chancellor erred when he "recalled to the witness stand Robert S. Nash and produced the testimony that he was the agent of Wilbur F. Nash in such foreclosure proceeding, rather than his assignee." Patently, an assignee to foreclose is the agent of the mortgagee. Appellant refers to the argument and authorities cited in his brief, when he urged that the chancellor ruled that Wilbur F. Nash was not required to pay the purchase money for the premises sold. We have disposed of that question and we do not think that the argument and authorities there cited support the contention.

It is contended that the assignment of the mortgage from Wilbur F. Nash to Robert S. Nash is a sale of the same and not an assignment. Without quoting that instrument at length, it provides, in part, that Wilbur F. Nash is "the sole owner of said mortgage and notes secured thereby" and that he has "a right to transfer and assign the same." This instrument further states that in consideration of ten dollars, and other valuable considerations, the mortgagee does "hereby sell, assign, transfer and set over the said mortgage and notes se-

cured by the same, to Robert S. Nash * * *." We are of opinion that this instrument confers power upon Robert S. Nash, as assignee, to foreclose the mortgage in question. Whether this instrument is a sale of the mortgage or an assignment (and the assignee testified it was not a sale), in either case Robert S. Nash had a perfect right to foreclose the mortgage. Considering it as a sale, as appurtenant thereto, it would be regarded as an equitable assignment and carry with it the right to foreclose. Article 66 of the Code, 1939, and *Miller's Equity Procedure,* Section 452 to and including Section 473, sets out fully the procedure for the foreclosure of a mortgage which contains a power of sale.

*Appeal in case No. 30 dismissed, with costs. Order appealed from in case No. 53 affirmed, with costs.*