ED JACOBSEN, JR., INC. *v.* CHAPLINE, ET AL.

[No. 193, September Term, 1968.]

*Decided April 2, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, SINGLEY and SMITH, JJ.

Submitted on brief by *J. Willard Nalls, Jr.,* for appellant.

*Charles U. Price* for appellees.

MARBURY, J., delivered the opinion of the Court.

Property of the appellant, Ed Jacobsen, Jr., Inc. (Jacobsen), encumbered by a mortgage from Robert W. Russell, his wife Margaret T. Russell, and Jacobsen to the appellees Clara K. Chapline, Howard H. Kelly and his wife Mary C. Kelly, securing a note to them in the amount of $123,000.00 was purchased by the appellees at foreclosure sale for $60,000.00 after default had occurred under the terms of the mortgage. The appellees had previously sold the property to the appellant and the Russells in 1964 for $150,000.00. On February 19, 1968, the Circuit Court for Frederick County ordered the final ratification of the sale and on March 15 following, the final ratification of the auditor's report was filed. No appeal was taken from either of these orders.

On the same day the court issued an order to show cause

why a deficiency decree in the amount of $57,961.03 should not be entered against the mortgagors. Subsequently the appellant filed its opposition to the order to show cause on April 15, 1968, alleging a breach of trust by the appellees. After a hearing, the lower court entered a deficiency decree against the appellant and the Russells in favor of the appellees. Only Jacobsen filed a timely notice of appeal.

The appellees filed a petition for supplementary proceedings on May 27, 1968. While the appellant's appeal on the deficiency decree was pending, hearing was held on the petition for supplementary proceedings, and on June 13, 1968, the court passed an order subjecting property held by the Montgomery Development Corporation (Montgomery) to the lien of the deficiency judgment. Appellant also appealed from this order.

Jacobsen presents three issue on appeal:

> 1. Whether, without shocking the conscience of the court, the appellees could demand a deficiency judgment of $57,961.03 against appellant because as mortgagees they had purchased at a foreclosure sale real property for $60,000.00, several years earlier sold by them to appellant for $150,000.00?
>
> 2. Whether after appellant had noted an appeal to this Court from the order of the Circuit Court allowing such deficiency judgment the Circuit Court could consider appellees' petition for supplemental proceedings?
>
> 3. May the court pass an order subjecting property to the lien of a deficiency decree which is in the hands of a person other than the judgment debtor without giving that person the right to be heard by the court?

Pursuant to the provisions of Maryland Rule 835 b (5) the appellees moved to dismiss the appeal from the deficiency decree. Rule 828 b 1 (a) requires that the printed extract shall include the judgment appealed from. Appellant's extract does not include the deficiency decree. Further, the appellant's whole argument as to the impropriety of the deficiency decree is based upon the difference between the purchase price which Jacobsen had agreed to pay for the mortgaged property, and the price

which that property had brought at the foreclosure sale. Appellant's extract does not include substantiation from the record for either of these sums. However, at oral argument appellees' counsel stated that he did not "seriously press" his motion and since the appellant's contentions are devoid of any substance, we prefer to rest our decision on the merits.

The appellant did not appeal from the final order dated February 19, 1968, which ratified the foreclosure sale. As this Court stated in *McKenna v. Sachse, Executor*, 225 Md. 595, 599, 171 A. 2d 732, 734:

> "In the absence of fraud or breach of actual trust, 'it is also well established that since the confirmation of a foreclosure sale is the final determination by the court that the mortgaged property was sold at a fair price, the defense of inadequacy of price can not be raised in subsequent proceedings, and for the purpose of a deficiency decree the price obtained at the sale is conclusive on the question of the market value of the property.' *Walton v. Washington County Hospital Ass'n*, 178 Md. 446, 451."

See *Ed Jacobsen, Jr., Inc. v. Barrick, Assignee*, 252 Md. 507, 250 A. 2d 646.

In the present case Jacobsen argues that fraud or breach of trust may be inferred from the claimed inadequacy of the foreclosure sale price. Under the *McKenna* rule that the confirmation was a conclusive and final determination that the price represented the fair market value of the property, such an inference is impermissible. As pointed out by the appellees, appellant's premise—that the foreclosure price was inadequate—is itself the conclusion of an inference which is logically invalid. Jacobsen argues that since it paid $150,000.00 for the property, and the appellees bought it at foreclosure for $60,000.00, it follows that the price paid by the appellees was far less than the market value. Such a conclusion is not necessarily correct. With equal validity it could be said that Jacobsen's purchase price was much higher than other buyers would have agreed to pay, or perhaps property values in the particular area had fallen generally.

Denial of a deficiency decree based solely on the ground of substantial difference between a mortgagor's purchase price and the foreclosure price could result in purchasers insulating themselves from personal liability by agreeing to pay an exceptionally high price for property. As suggested by the appellees, if this Court were to adopt Jacobsen's contention, a seller might find it necessary to reject an offer because the potential buyer offers a high price.

The appellant's second and third issues were considered and rejected in *Ed Jacobsen, Jr., Inc. v. Barrick, Assignee, supra*:

> "Turning to the appellant's . . . [second] point, it contends that the lower court had no jurisdiction to enter any further judgments or orders during the pendency of its appeal. As set out in *Cook v. Boehl*, 188 Md. 581, 592, 53 A. 2d 555, 560-61:
>
>> 'It is true that if an appellant desires to stay the execution or suspend the operation of a decree or order, he must give a bond to indemnify the appellee against all loss or injury which he may sustain by reason of the appeal and the stay of the execution or the operation of such decree or order.'
>
> Since the appellant did not file a supersedeas bond in accordance with Rule 817 c, it cannot complain about the execution proceedings which occurred after its first appeal was noted.
>
> "Finally, Jacobsen urges that the lower court could not pass an order subjecting the property of Montgomery to a lien as a result of the deficiency decree against the appellant without giving Montgomery a hearing. The order in question stated that the property was subject to the lien 'with leave being hereby granted to Ed Jacobsen, Jr., Inc. and Montgomery Development Corp., or either of them, to move within . . . [sixty] days from the date hereof for the rescission of this decree.' Further the order provided for service on Montgomery. Neither party moved for rescission of the decree. Montgomery is not a party to these pro-

ceedings and we hold that the appellant has no standing to complain of this action."

Finding no reversible error the orders will be affirmed.

*Orders affirmed. Appellant to pay the costs.*