## ARBAN ET AL. *v.* ROGERS

[No. 466, September Term, 1970.]

*Decided June 30, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Richard T. Brice, IV,* for appellants.

*C. Edward Hartman, II,* for appellee.

FINAN, J., delivered the opinion of the Court.

This case is a sequel to *McGinnis v. Rogers*, 262 Md. 710, 279 A. 2d 459 (1971) and no useful purpose would be served by attempting to repeat the labyrinthine facts comprising the background for the present litigation. It suffices to say that prior to the dispute giving rise to the appeal in *McGinnis*, title to the subject property, which had been owned by appellee Rogers since about 1936, was vested in a partnership composed of Florence Urciolo, John L. Arban, and Pascal della Badia (appellants). They had paid $94,600 for the property in 1965, $24,000 of which had been a down payment, and $70,600 of which was represented by a purchase money mortgage to Joseph Urciolo (Florence's brother-in-law) and Thomas Chance, mortgagees. The mortgage provided for $1500 quarterly payments of principal and quarterly payments of interest at 4% per annum.

As a result of the litigation giving rise to the companion appeal, appellee Rogers was awarded sole ownership of the mortgage previously held by Joseph Urciolo and Thomas Chance and received a money judgment for the greater portion of the $24,000 down payment. We affirmed *McGinnis v. Rogers, supra.* None of the payments of either principal or interest due by the terms of the mortgage had ever been made, and appellee Rogers therefore filed the foreclosure proceedings which form the backdrop for this appeal.

Florence Urciolo filed exceptions to the foreclosure sale, which were denied, and the sale was ratified by the Circuit Court for Anne Arundel County (Sachse, J.). Thereafter, the partnership of which Florence Urciolo was one member filed this appeal.[1]

---

1. The partnership, as a named party in the foreclosure proceedings and a party with a substantial interest in the property involved, is a proper party to maintain the appeal, even though Florence Urciolo sought the injunction and filed exceptions individually. Maryland Code (1968 Repl. Vol.), Art. 5, § 6 (1970 Cum. Supp.).

The appellants contend that the lower court erred in allowing the foreclosure sale to take place while the appeal in *McGinnis v. Rogers* was pending, because that appeal created a cloud on the title to be conveyed and a sale under such circumstances could not and did not bring about a fair price for the property.[2]

In our view, if the price received at the mortgage foreclosure sale was fair, then the question of whether or not the pending appeal created a cloud on title is irrelevant to the rights of the mortgagors in default, and is an objection which would more properly be raised by the purchasers at the foreclosure sale.[3]

Inadequacy of price, in and of itself, will not justify a refusal to ratify a mortgage sale, unless the price is so inadequate as to "shock the conscience of the court" or raise a presumption of fraud or irregularity. *Silver Spring Development Corp. v. Guertler,* 257 Md. 291, 297, 262 A. 2d 749 (1970) ; *Habib v. Mitchell,* 257 Md. 29, 35, 261, A. 2d 744 (1970) ; *Waring v. Guy,* 248 Md. 544, 549, 237 A. 2d 763 (1968).

The evidence indicated that the appellants purchased the property for $94,600 in May, 1965. It was sold at auction in July, 1970, for $122,000. Kurt Berlin, Esq., a member of the Maryland Bar, testified that he had bid about $115,000 for the property, but had stopped at that point because counsel for Mr. Rogers would not offer "insurable title," although he had offered "good" title. Mr. Berlin further testified that he would pay more than $122,000 on resale, but not more than $150,000 or $160,-

---

2. In McGinnis v. Rogers, the contract purchaser (McGinnis) and his assignee (Dudley) sought to obtain specific performance of an option with Rogers to purchase the subject property.

3. It is noted that Towser Developers, Inc., the purchaser at the foreclosure sale, filed a petition to delay settlement pending the outcome of the appeal in McGinnis v. Rogers, supra. McGinnis and Dudley were made parties to the proceedings, and joined in the request for delay in settlement. Their petitions were denied (Melvin, J.) on the grounds that Towser Developers had knowledge of the appeal at the time it purchased the property, and also that it had not excepted prior to the ratification of the sale. There has been no appeal taken from that order.

000 because of financial limitations of the group which he was representing.

Mr. Maurice C. Ogle, a real estate appraiser and consultant for some 22 years at the time of the hearing, testified that he had appraised the property in March, 1970, at the request of the Public Works Department of Anne Arundel County. He had also appraised sixteen other pieces of property in the vicinity for Anne Arundel County. Mr. Ogle placed a value of $2,800 per acre on the subject property in March, 1970, and testified that nothing had occurred between that time and time of the hearing to cause him to change his mind concerning its worth. If one accepts Mr. Ogle's valuation (and his was the only expert testimony on the subject), the fair market value of the subject property was $134,400, or $12,400 more than was realized from the foreclosure sale. There is nothing about that figure which shocks the conscience of this Court, or offers to it any color of fraud or irregularity.

Finally, we think it important to note that the chancellor in the companion case of *McGinnis v. Rogers, supra,* found that the appellants took title to the subject property with constructive, if not actual, knowledge of the existence of the McGinnis-Dudley option contract when they purchased the property in 1965. The chancellor observed that the title insurance policy issued to the appellants excepted matters pertaining to the McGinnis option contract. It is certainly quite apparent from the record that the appellants' attorney at that time, Raphael Urciolo, had full knowledge of the existence of a contract and had discussed it with McGinnis' attorney. See *Shartzer v. The Mountain Lake Park Association,* 86 Md. 335, 340, 37 A. 786 (1897). With such knowledge on their part and on the part of their attorney, it would be anomalous to allow them to blatantly default in their mortgage obligation and later, while still in default, assert that a foreclosure sale is prohibited because the cloud, of which they had prior knowledge, af-

fects the marketability of the title, even if the McGinnis-Dudley appeal had created a legitimate cloud on title, which, of course, is a question we have not been required to decide in this opinion.

*Order affirmed, appellants to pay costs.*