# GARLAND *v.* HILL

[No. 136, September Term, 1975.]

*Decided May 21, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, LEVINE and ELDRIDGE, JJ.

*Edward S. Digges* for appellant.

*Thomas F. Mudd,* with whom was *M. Wayne Munday* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This litigation commenced when Thomas A. Garland, trustee,[1] the mortgagor, filed exceptions in the Circuit Court for Charles County to the ratification of a mortgage foreclosure sale. From an order of that court (Mitchell, J.) ratifying the sale, Mr. Garland appealed to the Court of Special Appeals, which affirmed the order in *Garland v. Hill*, 28 Md. App. 622, 346 A. 2d 711 (1975). We granted certiorari limited to the question, "whether an inadequate purchase price can be made adequate by the mortgagee's waiver of his right to claim a deficiency decree against the mortgagor."

On 1 November 1972, Mr. Garland, as trustee, had purchased a 359.43 acre farm in Charles County from Francis W. Hill for $359,430.00, or $1,000.00 per acre. Of the total purchase price, $72,000.00 was paid in cash; the balance was secured by a purchase money mortgage in the amount of $287,430.00. By the terms of the mortgage, the principal was to be repaid in 10 annual installments of $28,743.00, plus interest on the unpaid principal balance at the rate of 7%. When a default occurred, Mr. Hill's assignee for purposes of foreclosure instituted foreclosure proceedings on 6 November 1974, in the Circuit Court for Charles County, and the property was sold at auction at the courthouse door on 15 November.[2]

At the time of the sale, the unpaid balance of the mortgage debt was $286,687.00, and the unpaid interest amounted to $22,000.00. There was only one bid, in the amount of $25,000.00, made by Mr. Hill, the mortgagee, and the property was sold to him for that amount.

The sale was reported to the court, which entered an order nisi giving notice that the sale would be ratified unless contrary cause be shown by 24 December 1974, provided that

---

1. Mr. Garland appears to have been trustee of an undisclosed trust.

2. The sale had been advertised for three successive calendar weeks commencing 30 October and ending 13 November. *Compare* Maryland Rule W74 a 2 (a) which became effective 1 July 1975, after the sale of this property had been ratified, *with* Hardy v. Gibson, 213 Md. 493, 500, 133 A. 2d 401, 404 (1957).

the order be published for three successive calendar weeks commencing 9 December.

Mr. Garland excepted to the ratification of the sale, on the ground, among others, that the purchase price was "shockingly inadequate." The assignee answered, alleging that he intended, in behalf of Mr. Hill, to waive any rights to a deficiency decree against Mr. Garland, with the consequence that if the sale price and the waiver were both taken into account, the sale price would be equivalent to more than $300,000.00.

When the exceptions came on for hearing, Mr. Garland testified that he had purchased the farm for $1,000.00 an acre in 1972, which he regarded as a fair and reasonable price at that time, and that in his opinion, the property had appreciated to a value of $1,200.00 per acre at the time of foreclosure.

The trial court entered a final order ratifying the sale in which it concluded that:

> "The purchase price at auction was not shockingly inadequate, in view of the fact that Francis W. Hill, Mortgagee, through his counsel, M. Wayne Munday, also Assignee for the purpose of foreclosure, has waived all rights to a deficiency decree or judgment." [3]

The rule of our cases is that the mere inadequacy of the purchase price at a mortgage foreclosure sale is not enough to prevent the ratification of the sale, *Habib v. Mitchell*, 257 Md. 29, 35, 261 A. 2d 744, 746-47 (1970); *Silver Spring Development Corp. v. Guertler*, 257 Md. 291, 297, 262 A. 2d 749, 753 (1970); *Ed. Jacobsen, Jr., Inc. v. Chapline*, 253 Md. 70, 73-74, 251 A. 2d 604, 605-06 (1969); *Butler v. Daum*, 245 Md. 447, 452, 226 A. 2d 261, 263-64 (1967); *Ten Hills Co. v. Ten Hills Corp.*, 176 Md. 444, 449, 5 A. 2d 830, 832 (1939), unless it is so grossly inadequate as to shock the conscience of the court, *Arban v. Rogers*, 262 Md. 738, 740, 279 A. 2d 457, 459 (1971); *Southern Maryland Oil*,

---

3. A waiver, signed by Mr. Hill, was filed prior to the entry of the order.

*Inc. v. Kaminetz,* 260 Md. 443, 454, 272 A. 2d 641, 647 (1971); 55 Am. Jur. 2d, *Mortgages* § 673 at 623 (1971).

If this had been a sale of the property to anyone other than the mortgagee, the sale of a farm worth $350,000.00 for $25,000.00 might well have been successfully challenged, particularly if $25,000.00 had been the only bid. Here, however, the sale was to Mr. Hill, the holder of the mortgage. Under our practice, Mr. Hill would have been entitled to an in personam decree against Mr. Garland for the difference between the sale price of $25,000.00 and the unpaid balance of the mortgage debt, $286,687.00, plus unpaid interest of $22,000.00 and the expenses of sale, in an unknown amount,[4] or $283,687.00, *Katz v. Simcha Co.,* 251 Md. 227, 238, 246 A. 2d 555, 561 (1968); *Brown v. Fraley,* 229 Md. 445, 452, 184 A. 2d 710, 714 (1962); Maryland Rule W75 b 1; Slingluff, *Mortgagee's Rights in the Event of a Deficiency,* 1 Md. L. Rev. 128 (1937). When Mr. Hill waived his right to the deficiency decree to which he was entitled, the result was exactly that which would have obtained had the property sold for $308,000.00. At argument before us, and before the Court of Special Appeals, counsel for Mr. Garland conceded that a bid by Mr. Hill in this amount could not have been the subject of a successful challenge.

In short, we agree with the conclusion of the Court of Special Appeals and the trial court that under the circumstances of this case, what was in effect a bid of more than $300,000.00 for the property does not shock the conscience of the court.

To the same effect are *Equitable Life Assur. Soc'y of the United States v. Vaughn,* 82 F. 2d 978, 981 (6th Cir. 1936) and *Erwin Nat'l Bank v. Riddle,* 18 Tenn. App. 561, 79 S.W.2d 1032 (1934). *See also National Bank of Washington v. Equity Investors,* 81 Wash. 2d 886, 506 P. 2d 20 (1973) and *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556 (1933) which hold that a court may require a mortgagee, who

---

**4.** These expenses were estimated at $5,000.00, and tax arrearages at $1,000.00. Neither have been taken into account in computing the figure of $283,687.00.

purchases at a foreclosure sale for a nominal amount, to credit the fair market value of the property against the deficiency judgment as a condition to ratification of the sale; *see generally,* Annot., 85 A.L.R. 1480 (1933).

*Judgment affirmed, costs to be paid by appellant.*