468 A.2d 646

**J. Ronald WEISMILLER, Trustee and Leonard J. Williams, Substitute Trustee**

v.

**John H. BUSH, et ux.**

**No. 156, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Dec. 13, 1983.

594

Byron L. Huffman, Forestville, for appellants.

No brief or appearance by appellees' counsel.

Argued before GILBERT, C.J., WILNER, J., and MOR-TON, JAMES C., Jr., (Retired), Specially Assigned Judge.

WILNER, Judge.

This appeal involves a matter of principle and interest.

The precise question presented to us by appellants is whether a mortgagee (or creditor/beneficiary under a deed of trust) who purchases the mortgaged property at a foreclosure sale, for an amount less than the balance due under the mortgage, is required to pay interest on the "unpaid" portion of the purchase price between the date of sale and the date of settlement. Ordinarily, the answer would be "no". Here, however, there is a "catch".

On May 19, 1982, appellants, as trustees under a deed of trust executed by appellees, commenced this foreclosure proceeding in the Circuit Court for Charles County. A trustees' sale was duly advertised, the advertisement stating, in relevant part:

> "A cash deposit of Three Thousand Dollars ($3,000.00) will be required at the time of sale. The balance in cash, with interest at twelve per centum per annum from the date of sale to the date of settlement payable within ten days after final ratification of sale."

The sale was conducted June 16, 1982, and the property was sold to Weaver Bros., Inc., the payee and holder of the deed of trust note, for $62,000. The trustees' report of sale filed with the court on July 2, 1982, stated, in relevant part:

"A cash deposit of $3,000.00 was required at the time of sale, with the balance in cash, with interest at twelve per centum (12%) per annum from the date of sale to the date of settlement, payable within ten (10) days after final ratification by this Honorable Court."

Accompanying this report of sale was an affidavit of a vice-president of Weaver Bros., Inc. confirming that, "as heretofore reported herein, Weaver Bros., Inc., was the purchaser at the Trustees' Sale held June 16, 1982", that it purchased the property as a principal and not as an agent, and that it had, in the meanwhile, assigned its interest to the Secretary of the U.S. Department of Housing and Urban Development, who had insured the deed of trust.

On October 20, 1982, after the issuance of three orders *nisi*, to which no response was forthcoming, the court ratified "the sale made and reported" and referred the matter to the court auditor. The auditor made his report on November 17, 1982. He showed as the total proceeds of sale $64,462.81, consisting of the $62,000 purchase price reported by the trustees, a $24.14 adjustment in taxes, and the item at issue here: $2,438.67 "interest on $59,000.00 at 12% from 6/16/82 to 10/20/82 in accordance with advertisement of sale and reports of sale (10/20/82 was date of settlement per information from Byron L. Huffman [the attorney for the trustees])." In calculating this interest, the auditor obviously assumed that Weaver Bros., Inc. had, in fact, paid the $3,000 required deposit; hence, the interest was based on the "unpaid" amount of $59,000.

The auditor reported expenses of $1,478.38, leaving $62,984.43 available for distribution. Of that amount, $62,012.25 was shown as payable to Weaver Bros., Inc. "in payment of

Deed of Trust on subject property" and the balance of $972.18 as due to the mortgagors. The amount declared as due to Weaver Bros., Inc. consisted of the principal balance due on the note ($56,214.59), miscellaneous charges of $203.41, and $5,596.41 "interest on $56,214.59 at 14% from 12/1/81 to 8/16/82." This last item represented unpaid interest on the deed of trust note for the period to the date of sale and for sixty days thereafter.[1]

Weaver Bros., Inc. excepted to the auditor's report, claiming that the charging of interest on the purchase price from date of sale to date of ratification was improper "since the indebtedness at the time of sale plus foreclosure costs exceeded the purchase price, thereby leaving no portion unpaid on which interest could be charged." The court overruled the exception, concluding that Weaver Bros., "like any other purchaser, must comply with the terms of the sale as advertised in order to maintain the integrity and fairness of the sale." This appeal followed.

Before commencing to consider the *court's* action, we pause to comment on a dereliction of the trustees.

As we have noted, the advertisement stated that a $3,000 cash deposit would be required at time of sale. More important, the trustees' report of sale stated that such deposit "was required at the time of sale"; and based on those averments, the auditor calculated the interest only upon the balance of $59,000. Though excepting to the charging of *any* interest, at no time did the trustees, or Weaver Bros., Inc. call the court's attention to the fact that the $3,000 deposit was never paid. Indeed, that piece of information appears nowhere in the record, and comes to us only from a brief statement buried in appellants' brief.

---

1. Md.Code Ann.Real Prop. art., § 7–105(d)(2) provides that, in Charles and several other counties, interest provided in a mortgage or deed of trust is payable until sixty days following the sale or until the audit of the sale is ratified, whichever first occurs.

What this means, of course, is that (1) the sale was not conducted strictly in accordance with the advertisement, (2) the trustees' report of sale, executed under oath, was inaccurate, and (3) the auditor and the court were misled as to the true state of affairs—what was actually paid (or not paid) at the time of sale. Although we shall, for the reasons shortly to be described, ultimately hold that a noteholder, such as Weaver Bros., Inc., is ordinarily not required to pay a cash deposit if it buys the property for an amount not exceeding the debt due it, that does not authorize the trustees or anyone else to file an inaccurate report or misrepresent what actually occurred.

■ With respect to the substantive question, the Maryland law has long and consistently permitted a mortgagee[2] who purchases the mortgaged property at a foreclosure to apply the debt due him by the mortgagor against the purchase price, to the same effect as if he had posted or paid cash in that amount. As far back as *Murdock's Case,* 2 Bland 461, 468 (1828), Chancellor Bland concluded that a mortgagee was competent to buy the property at a foreclosure sale and,

> "[A]s the mortgage debt, the recovery of which is the sole object of this suit, has been established by the decree for a sale, there can be no impropriety, after first deducting the commissions, expenses and costs, in ordering the proceeds to be, at once, applied in satisfaction of that debt by discount, with the mortgagee as purchaser, or in any other way."

In *Lannay v. Wilson,* 30 Md. 536 (1869), the Court of Appeals reached the same conclusion, in even more explicit terms. The mortgaged property there was sold at the foreclosure sale to a stranger, who later assigned his purchase to the mortgagees. No part of the purchase price was

---

2. For purposes of convenience and brevity, we shall use the terms "mortgage", "mortgagor", and "mortgagee". The law, in this regard, is the same where the instrument happens to be a deed of trust.

ever paid to the trustee, an omission that the mortgagor, Lannay, claimed made the sale "ineffectual." Rejecting that claim, the Court held, at p. 549:

> "The claim of the purchasers [*i.e.,* the mortgagees] was preferred, and it was much greater than the amount of the proceeds of sale; and it would have been a very useless—to say nothing of it as a senseless—ceremony, to have required the purchasers to pay over the money that the court had adjudged to belong to them, in order that the trustees might go through the form of paying it back."

The fact that, in the particular case, the trustees actually took notes for the purchase money the Court found to be a "matter of strict observance of the terms of the decree" having "no significance".

The same principle was applied in *Harnickell v. Orndorff,* 35 Md. 341 (1872); *Moss v. Savings Institution,* 177 Md. 135, 8 A.2d 881 (1939); *Van Wagoner v. Nash,* 187 Md. 410, 50 A.2d 795 (1947); and *Woelfel v. Tyng,* 221 Md. 539, 158 Md. 311 (1960). In *Moss,* at p. 144 of 177 Md., 8 A.2d 881, the Court stated: "And since the mortgagee was the purchaser, and the purchase price was less than the amount of the mortgage, the mortgagee was only required to pay so much thereof as was necessary to pay the expenses of the sale...."

■ The effect, and rationale, of these cases, as we have said, is to treat the mortgage debt as a credit against the purchase price; and from that, two things necessarily flow: (1) to the extent of the credit, the purchase price has, in effect, been paid, and it is therefore inappropriate to charge interest on that amount; but (2) to the extent that the mortgage debt has been applied as a credit against the purchase price, it has been extinguished as a debt, and it is therefore equally inappropriate to continue accruing interest on it. The mortgagee/buyer cannot have it both ways—col-

lecting interest on the mortgage but not paying interest on the purchase price.

■ That is the "catch", of which we spoke. Acting pursuant to Real Prop. art., § 7–105(d)(2)—*see* footnote 1, *supra*—the auditor, and ultimately the court, allowed interest at fourteen percent to accrue on the $56,214 mortgage balance for sixty days beyond the sale. By our calculation, that amounted to $1,311.67. Weaver Bros., Inc. is entitled to that amount only if it regards the mortgage as subsisting after June 16, 1982—the date of sale; and, if it takes that position, it must pay interest on the unpaid purchase price— the entire $62,000—from June 16 to October 20, 1982.[3]

It is clear from this that the order of December 17, 1982, overruling appellants' exceptions and ratifying the auditor's report must be vacated. The report is incorrect. We shall remand the case to the circuit court for such further proceedings as may be necessary to state a proper account of the proceeds of sale, in conformance with this Opinion. Under the circumstances, as we have described them, costs will be assessed to appellants.

ORDER VACATED; CASE REMANDED TO CIRCUIT COURT FOR CHARLES COUNTY FOR FURTHER PROCEEDINGS; APPELLANTS TO PAY THE COSTS.

---

**3.** We raised this issue *nostra sponte* at oral argument, there being no brief or appearance on behalf of appellees. Appellants' response was that the matter of accruing interest on the mortgage was entirely separate from and had nothing to do with whether interest should be paid on the purchase price. In a post-hearing memorandum, which they had no authority to file, appellants cite four cases as authority for that proposition. We have read those cases (*Frank M. Ewing Co. v. Krafft Co.,* 222 Md. 21, 158 A.2d 654 (1960); *Aurora Fed. Sav. & Loan Assoc.,* 223 Md. 135, 162 A.2d 739 (1960); *Riggs Nat'l Bank v. Welsh,* 254 Md. 207, 254 A.2d 172 (1969); and *Kronovet v. Lipchin,* 288 Md. 30, 415 A.2d 1096 (1980)), and find them inapposite. None of them, as best we can determine from the Opinions or the briefs, involved a situation where the mortgagee bought the property. Indeed, in *Aurora* and *Riggs,* it appears clear that the property was sold at the foreclosure sale to a third party.