**In re Leroy Robert BROWN, Jr., Debtor.**

**Leroy Robert BROWN, Jr., Plaintiff,**

v.

**GOLDOME REALTY CREDIT CORP., et al., Defendants.**

Bankruptcy No. 90–5–0150–JS.
Adv. No. A90–0134–JS.

United States Bankruptcy Court, D. Maryland.

March 28, 1991.

Alfred Lawrence Toombs, Murray & Price, Washington, D.C., for plaintiff.

Worthington H. Talcott, Jr., Bethesda, Md., for defendants.

## MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY GOLDOME REALTY CREDIT CORPORATION AND DISMISSING COMPLAINT

JAMES F. SCHNEIDER, Bankruptcy Judge.

Before the debtor filed a voluntary Chapter 7 bankruptcy petition in this Court, the defendant Goldome Realty Credit Corporation, as holder of a deed of trust note executed by the debtor, sold the debtor's residence at foreclosure and purchased the property. This Court vacated the automatic stay of Bankruptcy Code Section 362 *nunc pro tunc* to validate the postpetition ratification of the foreclosure sale by the Circuit Court for Anne Arundel County. Thereafter, the debtor filed the instant complaint in order to set aside the sale as a fraudulent transfer of real property and for other relief. The complaint sets forth four claims: (1) that the transfer to Goldome was constructively fraudulent and voidable under Section 548(a)(2) of the Bankruptcy Code because the sale took place within one year before the filing of the debtor's bankruptcy petition while the debtor was insolvent and the sale was for less than reasonably equivalent value; (2) that the ratification of the foreclosure sale by the circuit court violated the automatic stay and was therefore null and void; (3) the filing of bankruptcy tolled the period for filing exceptions to the report of sale in the circuit court and therefore the court's ratification of the sale was premature and the debtor's exceptions filed thereafter were timely; and (4) that the order of ratification, entered without notice to the debtor, deprived the debtor of property without due process of law.

The Court will dispose of each claim, grant Goldome's motion for summary judgment and dismiss the instant complaint.*

## FINDINGS OF FACT

1. Leroy Robert Brown, Jr. and his wife executed a deed of trust note to Goldome Realty Credit Corp. on December 24, 1988 secured by a deed of trust which created a lien on the debtors' real property located at 20 Dorsey Avenue, Annapolis, Maryland.

2. The Browns defaulted in their mortgage payments to Goldome and the property was sold at a foreclosure sale on December 13, 1989.

3. The property was "bought in" by Goldome for $50,000. Goldome contends that when its waiver of deficiency and other charges are taken into account, its bid at

---

\* The Court is not informed of any reason why a second foreclosure sale is likely to produce a result appreciably different or better than the sale at issue in this complaint.

the sale exceeded $76,000, under Maryland case law.

4. The auditor's report indicated that a deficiency in the amount of $10,857.92 resulted from the sale in this case.

5. Goldome has also asserted a claim under the mortgage for additional attorney's fees and costs subsequent to the auditor's report in the amount of $15,428.27 as of July 1, 1990 incurred in connection with proceedings in this Court, the U.S. District Court and the Circuit Court for Anne Arundel County attributable to its efforts to foreclose on the mortgage.

6. The debtor contends that the property had a fair market value of $72,000 on the day of sale and that he was insolvent on that date or was rendered insolvent by the sale.

7. On January 12, 1990, the debtor filed a voluntary Chapter 7 bankruptcy petition in this court.

8. In his Schedule B-4, the debtor claimed as exempt his equity in the property in the amount of $5,500.

9. On January 12, 1990, the same day the debtor filed his Chapter 7 petition, the trustees under the deed of trust filed a report of sale in the Circuit Court for Anne Arundel County. In spite of the fact that actions against the debtor and the debtor's property were automatically stayed by the bankruptcy filing, pursuant to Section 362(a) of the Bankruptcy Code, the circuit court proceeded on February 14, 1990 to ratify the foreclosure sale. The debtor claims that he did not receive notice of the ratification until after the order was entered, despite the fact that he filed a suggestion of bankruptcy in the circuit court on January 16, 1990.

10. On March 5, 1990, this Court entered an order modifying automatic stay *nunc pro tunc* to authorize the ratification of the foreclosure sale by the circuit court. Motion No. M90-0262-JS.

11. On March 9, 1990, the trustees under the deed of trust conveyed the real property by deed to the Secretary of Veterans' Affairs as assignee of Goldome by deed recorded among the Land Records of Anne Arundel County in Liber No. 5041, folio 868.

12. On March 14, 1990, the debtor filed exceptions to the report of sale in the circuit court.

13. Meanwhile on March 8, 1990, the debtor filed the instant complaint and on March 27, 1990 the instant amended complaint to set aside the foreclosure sale as a fraudulent transfer pursuant to Section 548 of the Bankruptcy Code. The complaint also asked this Court to set aside the state court ratification order and the deed to the Secretary of Veterans' Affairs, order the trustees to conduct a new foreclosure sale, require the debtor's interest in the proceeds resulting from the new sale to be paid to the Chapter 7 trustee after the satisfaction of Goldome's lien and the costs of foreclosure and to direct payment to the debtor of his exemption in the amount of $5,500.

14. By order [P. 17] dated July 10, 1990, this Court granted a motion to dismiss the complaint as to the trustees under the deed of trust.

15. On May 1, 1990, the debtor filed an appeal to the U.S. District Court from this Court's order modifying automatic stay. Civil Action No. HAR90-1090. On July 17, 1990, the appeal was dismissed by U.S. District Judge John R. Hargrove for the debtor's failure to file a brief.

16. Following a hearing held on June 14, 1990, the Circuit Court for Anne Arundel County overruled the debtor's exceptions to the report of sale.

CONCLUSIONS OF LAW

1. The following portions of Section 548(a) of the Bankruptcy Code furnish the bases of the instant complaint:

§ 548. Fraudulent transfers and obligations.

(a) The trustee may avoid any transfer of an interest of the debtor in property or an obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

.     .     .     .     .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; ...

11 U.S.C. § 548(a)(2)(A) and (a)(2)(B)(i)(1988).

2. The case of *Durrett v. Washington National Insurance Co.*, 621 F.2d 201 (5th Cir.1980) also furnishes support for the debtor's position. In *Durrett,* the Fifth Circuit held that a properly conducted foreclosure sale was subject to being avoided as a fraudulent transfer where the sale took place within one year of the filing of bankruptcy and where the sale price (70% of the fair market value of the property) was held to be less than reasonably equivalent value. *Durrett, supra* at 204. *See* Berman and Fierberg, "Durrett: The Problem and Suggestions for its Solution," 90 *Commercial Law Journal* 162, 164 (April, 1985).

3. In the recent case of *In re Morris Communications, Inc.,* 914 F.2d 458 (4th Cir.1990), the Fourth Circuit rejected the rigid mathematical formula of *Durrett* in favor of a more flexible, case-by-case analysis and stressed that the term "reasonably equivalent value," as employed in the Bankruptcy Code, is not necessarily synonymous with "fair market value." The various factors the court considered important to the determination of reasonably equivalent value included "analysis of all the circumstances surrounding the suspect transfer," "good faith of the transferee," the difference between the sale price and fair market value, "the percentage of the amount paid is of the fair market value," and "whether the sale was 'an arm's length transaction between a willing buyer and a willing seller,'" citing *Bundles v. Baker,* 856 F.2d 815, 824 (7th Cir. 1988) as stating the majority view.

4. Goldome's answer to the amended complaint admitted all allegations relative to the sale, including the fact that the fair market value of the real property was $72,-000 on the date of the sale and that the sale occurred within one year of the filing of the debtor's bankruptcy petition, but denied the allegations that the sale rendered the debtor insolvent and was for less than reasonably equivalent value. For purposes of decision, this Court presumes the debtor to have been rendered insolvent by the sale, or to have been insolvent on the date of the sale. The only remaining issue upon which the parties disagree is whether the sale was for a reasonably equivalent value. This Court must then decide whether this dispute is genuine and the disputed point is a material fact.

5. "Summary judgments are appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law." *Miller v. F.D.I.C.,* 906 F.2d 972, 973 (4th Cir.1990) (citations omitted); F.R.Civ.P. 56.

6. "In other words, summary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *Id.* at 973–974 (citations omitted.)

7. The question of whether the sale price was for reasonably equivalent value is a legal conclusion reached after due consideration of the facts. *Cf. In re Morris Communications, Inc., supra* at 467, where it is stated that:

... Whether a holding that a transfer was based on "reasonably equivalent value" is a finding of fact reviewable as such or a question of law requiring review *de novo* on the entire record by the court is a matter about which the authorities are in some confusion. *Bundles,* 856 F.2d at 821 ("If we take the statute at its face value, we must conclude that its unambiguous language requires the reviewing court to make an independent assessment of whether reasonable equivalence was given"); *Durrett v. Washington Nat. Ins. Co.,* 621 F.2d at 203; *In re Roco Corp.,* 701 F.2d [978] at 981–82 [(1st Cir.1983)]; *Klein v. Tabatchnick,* 610 F.2d 1043, 1047–48 (2d Cir.1979)

("Fairness of consideration is generally a question of fact") and 4 *Collier on Bankruptcy*, Section 548.09 at 548–112 (15th ed. 1990) ("Whether the transfer is for 'reasonably equivalent value' in every case is largely a question ... to the trier of the facts"). It is unnecessary, however, for us in this case to determine what standard of review to apply, since our conclusion would be the same under either standard....

914 F.2d at 467.

8. The Court will grant Goldome's motion for summary judgment because there is no genuine dispute as to any material fact in this case and because Goldome is entitled to a judgment as a matter of law. *Miller v. F.D.I.C., supra.*

9. The foreclosure sale in the instant case was for "reasonably equivalent value," based upon the Court's consideration of a number of factors.

10. This was a foreclosure sale of real property at public auction conducted under the aegis of a state circuit court, subject to the requirements of proper notice, which was given. The debtor has not contended otherwise. The sale was subsequently ratified by the circuit court and the ratification over objection by the debtor is *res judicata* which is binding on this Court.

11. "[M]ere inadequacy of the purchase price at a mortgage foreclosure sale is not enough to prevent the ratification of the sale, ... unless it is so grossly inadequate as to shock the conscience of the court." *Garland v. Hill*, 277 Md. 710, 712, 357 A.2d 374, 375 (1976). [Citations omitted.]

12. This Court modified the automatic stay in this case to permit the circuit court to determine whether or not to ratify the report of foreclosure sale. There was no reason to continue the automatic stay in effect in this case. The filing by a debtor of a Chapter 7 petition will not permit the reinstatement of a mortgage which is in default and which has been accelerated. Additionally, even in the context of a Chapter 13 case, it is the law of this district that a prepetition foreclosure sale deprives the debtor's estate of any interest in the realty sold. *In re Edwards*, 62 B.R. 609 (Bankr. D.Md.1986); *In re Shirley*, 30 B.R. 195 (Bankr.D.Md.1983).

13. The sale in the instant case was a procedurally correct, noncollusive public auction. It was not rendered otherwise by reason of the fact that Goldome as the mortgagee was the successful bidder at foreclosure.

14. In Maryland, a mortgagee who "buys in" the property at foreclosure is entitled to have the amount of its bid augmented by any deficiency resulting from the sale which it waived. *Garland v. Hill*, 28 Md.App. 622, 346 A.2d 711 (1975), *aff'd*, 277 Md. 710, 357 A.2d 374 (1976). In *Garland*, both the Maryland Court of Appeals and Court of Special Appeals held that an otherwise inadequate bid of $25,000 by a mortgagee for farm property purchased two years earlier for $359,430 was rendered adequate by the mortgagee's waiver of deficiency decree against the mortgagor. As the Court of Appeals stated:

If this had been a sale of the property to anyone other than the mortgagee, the sale of a farm worth $350,000.00 for $25,000.00 might well have been successfully challenged, particularly if $25,-000.00 had been the only bid. Here, however, the sale was to Mr. Hill, the holder of the mortgage. Under our practice, Mr. Hill would have been entitled to an in personam decree against Mr. Garland for the difference between the sale price of $25,000.00 and the unpaid balance of the mortgage debt, $286,687.00, plus unpaid interest of $22,000.00 and the expenses of sale, in an unknown amount, or $283,-687.00, *Katz v. Simcha Co.*, 251 Md. 227, 238, 246 A.2d 555, 561 (1968); *Brown v. Fraley*, 229 Md. 445, 452, 184 A.2d 710, 714 (1962); Mayland Rule W75b1; Slingluff, *Mortgagee's Rights in the Event of a Deficiency*, 1 Md.L.Rev. 128 (1937). When Mr. Hill waived his right to the deficiency decree to which he was entitled, the result was exactly that which would have been obtained had the property sold for $308,000.00. At argument before us, and before the Court of Special Appeals, counsel for Mr. Garland conceded that a bid by Mr. Hill in this

**486**

amount could not have been the subject of a successful challenge.

277 Md. at 713, 357 A.2d at 375–376.

15. In the case of *Weismiller v. Bush,* 56 Md.App. 593, 468 A.2d 646 (1983), the Maryland Court of Special Appeals expounded upon the long history of the rule:

> With respect to the substantive question, the Maryland law has long and consistently permitted a mortgagee who purchases the mortgaged property at a foreclosure to apply the debt due him by the mortgagor against the purchase price, to the same effect as if he had posted or paid cash in that amount. As far back as *Murdock's Case,* 2 Bland 461, 468 (1828), Chancellor Bland concluded that a mortgagee was competent to buy the property at a foreclosure sale and,

> "[A]s the mortgage debt, the recovery of which is the sole object of this suit, has been established by the decree for a sale, there can be no impropriety, after first deducting the commissions, expenses and costs, in ordering the proceeds to be, at once, applied in satisfaction of that debt by discount, with the mortgagee as purchaser, or in any other way."

56 Md.App. at 598, 468 A.2d at 649.

16. The debtor's Chapter 7 bankruptcy discharge eradicated the creditor's right to obtain a judgment against the debtor for a deficiency resulting from the sale in the amount of $10,857.92. In any event, Goldome has waived its right to obtain a deficiency decree against both Mr. Brown, the debtor, and Mrs. Brown, the debtor's non-filing spouse who is a co-obligor on the mortgage.

17. Goldome's bid in this case is further augmented by costs and attorney's fees expended in proceedings attributable to the foreclosure in the amount of $15,428.27. *Garland v. Hill, supra.*

18. Therefore, Goldome's initial bid of $50,000 when added to the amount of its waiver of deficiency of $10,857.92 plus counsel fees and costs in the amount of $15,428.27 associated with the various proceedings here and in the state circuit court

and the U.S. District Court, for a total bid of $76,286.19. The debtor asserted in his complaint that the fair market value of his property was $72,000 on December 13, 1989, the date of the sale. Therefore, based on dollars and cents alone, it is clear that the sale price of $76,286.19 represented more than reasonably equivalent value.

19. While the ratification of the sale by the circuit court on February 14, 1990 may have amounted to a violation of the automatic stay, the action of this Court in modifying the automatic stay *nunc pro tunc* had the legal effect of annulling the stay, authorizing the ratification and expunging the violation. In any event, after the stay *was* annulled and the sale had already been ratified, the circuit court entertained the debtor's objections and overruled them, in effect re-ratifying the sale. This procedure appears to have corrected the errors of which the debtor has complained. This Court is unable to divine the existence of any action by the circuit court which prejudiced the debtor in any way. Therefore, Goldome is entitled to judgment as a matter of law with respect to the other counts.

For all these reasons, the motion for summary judgment of Goldome Realty will be granted and the instant complaint will be dismissed.

ORDER ACCORDINGLY.